OPINION OF THE COURT
James F. Niehoff, J.
Plaintiff, Scott H. Bethune, the son of the defendant, Alexander J. Bethune, and his former wife, Margaret B. Bethune, instituted this suit to recover the sum of $5,453 for alleged tuition and related costs in respect to his attendance for the year commencing January 1, 1976 at the University of North *508 Carolina at Chapel Hill. It is plaintiffs claim that the obligation of the defendant to pay said sum arises from the provision of a separation agreement between his said parents dated May 6, 1968.
The pertinent portions of the agreement are contained in paragraphs 2 and 11 which, insofar as relevant, read as follows:
"2. That the custody of the minor issue of the marriage, namely, stuart b. bethune, ladd m. bethune, bonnie a. BETHUNE, SCOTT M. BETHUNE, GAIL D. BETHUNE, and JAMES bethune, during their minority, is hereby given to the wife and the wife shall have the supervision, control and care of said children maintaining, supporting and educating them out of the allowance hereinafter provided to be paid by the husband to the wife, except as specifically provided herein.”
"11. In the event that any of the children of the parties shall attend a college, university or other school beyond the secondary level, the husband shall pay all of the expenses of said schooling, including but not limited to tuition, registration, athletic fees, library and laboratory fees, transportation, room, board and uniforms, if required, and said payments shall not in any way reduce the payments required hereinbefore to be made by the husband to the wife for the support of the issue but shall be in addition thereto. The school to be attended by any of the children shall be chosen by the mutual consent of the parties hereto or by the child involved.”
The defendant’s answer contains four affirmative defenses, namely:
(1) that the plaintiff is not the proper party plaintiff in that the only person entitled to enforce the agreement is Margaret B. Bethune, the former wife of defendant and plaintiff’s mother, to whom all sums are payable under the agreement;
(2) that any and all obligations of the defendant with respect to the support, education or maintenance of the plaintiff terminated upon his marriage which took place in August, 1974;
(3) that plaintiff’s cause of action, if any, has been prematurely brought in that the damages, if any, have not yet accrued and are not presently ascertainable; and
(4) that at the time of the execution of the agreement it was represented to and relied upon by defendant that he would be obligated for college expenses of his children only if he was *509 financially able at the time each child was ready to enter college and that his financial condition has changed considerably since the execution of the agreement to such an extent that he cannot afford to pay for a college education for plaintiff.
At the time of trial the defendant submitted a memorandum of law containing two points, to wit (a) that plaintiff is not the proper party in interest and (b) that the defendant’s obligation for the support and payment of college or university expenses terminated upon the marriage of the plaintiff. Those two points relate to the first two affirmative defenses stated above. At the close of plaintiff’s proof and at the end of the entire case a motion to dismiss was made on those same two grounds. No mention was made of the third and fourth affirmative defenses. Consequently the court assumes that the third and fourth affirmative defenses have been abandoned. In any event, those defenses were not established on the trial. Hence, they are dismissed. There remain to be considered the first and second affirmative defenses.
The court is of the view that the plaintiff is a proper party to enforce the provisions of paragraph 11 of the aforesaid separation agreement which pertains to college education for the children and that, therefore, the first affirmative defense must be dismissed.
In Forman v Forman (17 NY2d 274, 280) the Court of Appeals in a unanimous opinion per Bergan, J. stated that "children are often the actual third-party beneficiaries of provisions in separation agreements between the parents; and in case of disability of one kind or another of one spouse to enforce his own legal rights against the other, some procedural facility for enforcement should be available to the children,” and held (supra, p 281) that "[r]ecognizing as we should such a right of children in the beneficial provisions of a separation agreement for their direct benefit, the avenue by which it may become enforcible depends on the circumstances of the parties.”
In the Matter of Chilson (28 AD2d 766) the Appellate Division, Third Department, was called upon to interpret the provisions of a separation agreement remarkably similar to the one at bar, and to decide whether it was proper for the infant third-party beneficiary to attempt to enforce directly its terms which applied to him. At issue was the payment for the cost of the infant petitioner’s college education by the estate *510 of his deceased father. The Appellate Division held (supra, p 766) "[cjlearly, where as here, a child is an intended beneficiary under a separation agreement, rather than a mere incidental one, it is proper for the child to advance his claim directly through his guardian (Foreman v Foreman, 17 NY2d 274).”
Quite obviously, the plaintiff, as a son of the defendant, is an intended beneficiary under the separation agreement which provides for college educations for defendant’s children and where, as here, plaintiff’s mother (the other party to the separation agreement) has indicated an unwillingness to pursue the claim for plaintiff, it is proper for the plaintiff to advance his claim directly.
As stated above, the second affirmative defense interposed is to the effect that plaintiff’s marriage terminated any and all obligations under the separation agreement of the defendant with respect to the plaintiff.
It appears that the plaintiff commenced his college education in September of 1973 at which time he was unmarried. He completed the first school year in May of 1974 and that year’s schooling was paid for by his father. In the summer of 1974, while living with his father, he eloped. Thereafter, he worked for a time and then re-enrolled at college in January of 1976. The defendant father contends that the marriage of the plaintiff terminated any and all obligations of the defendant with respect to the education of the plaintiff.
In support of his contention, the defendant relies on the following language found in paragraph 9 of the separation agreement:
"The support for the minor issue of the parties shall continue as hereinbefore provided until each of said minor issue has reached the age of twenty-one years, or becomes self-supporting or marries, and shall be extended beyond said date in the event that said issue is in full time attendance at a college or university until such time as the said issue has completed his or her schooling.
"All of the above payments shall be made by check or postal money order to the wife at such place as she may designate.”
In essence, defendant contends that the obligation to continue support exists only if the plaintiff was attending college at the time of his marriage. Since the plaintiff married on August 16, 1974 and was not attending college at that time, *511 the defendant argues that the above-quoted language effectively discharged him of all obligations to the plaintiff and that the obligation of support could not be revived when the plaintiff enrolled in college thereafter.
Perhaps the defendant would be correct if the issue in this case were the periodic support payments set forth in paragraph 9 of the separation agreement. However, that is not the situation. The separation agreement at bar establishes two types of payments. Paragraph 9 provides for periodical support to the wife which obligation continues until each child attains the age of 21, becomes sooner self-supporting or marries or completes a college education.
On the other hand, paragraph 11 provides for a separate payment for the college education of the children which payment is not required to be made to the wife. In the opinion of this court the terms, conditions and purposes of the two provisions are independent. The limitations and directions for payment in paragraph 9 refer only to the wife’s right to receive periodic support payments and said limitations do not vitiate the defendant’s obligation to make educational payments as called for in paragraph 11.
In arguing that the adoption of the above interpretation could not have been intended by the parties and is unreasonable, defendant asserts that under such an interpretation (1) if plaintiff married and thereafter at any time decided to go to college (be it 5 or 10 years later) his father would be obligated to pay and (2) there would be no termination date under the medical expenses (paragraph 10) and insurance (paragraph 12) provisions of the separation agreement.
Manifestly, the situation hypothesized by the defendant is not before the court. At bar is the reasonable interpretation of the separation agreement in light of the actual facts and existing circumstances of the parties.
Defendant’s second argument likewise lacks merit. Paragraph 10 specifically obligates the defendant to make payments for medical expenses, etc., only "for each person whom the husband is required to support hereunder.” Paragraph 12 obligates the defendant with respect to certain life insurance policies "so long as any of the children are required to be supported hereunder by the husband.”
Paragraphs 10 and 12, unlike paragraph 11, are limited in duration and terminate in conjunction with the defendant’s obligation of support.
*512 There remains to be determined the amount which the plaintiff is entitled to recover.
As stated above, the plaintiff claims damages in the amount of $5,453. Of that total amount $655 represents actual school expenses to which plaintiff is entitled, namely,
Tuition - $258
School Fees - 197
Books - 170
Supplies - 30
$655
The remaining claim for $4,800 represents living expenses at $400 per month. There are a number of difficulties with this claim. First, it covers 12 months whereas the school year is only 9 months in duration. Second, much of the claim was unsubstantiated by proper proof. Third, it would seem to the court that some portions of this claim are attributable to plaintiff’s wife and there is no justification for requiring the defendant to provide for the spouses of his children.
It is clear to the court that the father’s obligation was to pay the reasonable expenses of a college education for his son, the plaintiff. Plaintiff’s other son, Stuart Burney Bethune, who is a graduate student at the University of North Carolina and who has been working in the student aid office and is familiar with the costs and expenses at the university testified that the reasonable expenses for a student for an academic year at the University of North Carolina amount to $3,100. In this court’s judgment that is the amount to which plaintiff is entitled. Accordingly, plaintiff is granted judgment in the amount of $3,100 representing the reasonable value of institutional and living expenses for two semesters of college.