GEORGE GIBBS, Appellant, v. CYNTHIA GILES, Respondent.

No. 11491

February 28, 1980

607 P.2d 118

[Rehearing denied March 25, 1980]

*John E. Stone,* Las Vegas, for Appellant.

*Cochrane, Lehman, Nelson & Rose,* and *Harold Hecht,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

George Gibbs appeals from the district court's order granting respondent Cynthia Giles' motion to compel compliance with provisions of a divorce decree and from the court's judgment awarding Giles $6,249 for arrearages in child support and $250 for attorney's fees. Appellant argues that the judgment should be reversed because (1) the trial court erroneously allowed reargument of respondent's motion, (2) the respondent is not a real party in interest, and (3) the statute of limitations bars recovery of child support payments that accrued over six years before respondent filed her motion. We affirm.

George and Carolyn Gibbs (now Carolyn Spellman) were divorced in 1962 when their daughter Cynthia Gibbs (now Cynthia Giles) was 16 months old. The judgment of divorce directed George

> to pay the sum of $25.00 per month to a bank to be mutually agreed upon between the parties hereto, in trust, for the benefit, welfare and education of said Cynthia Gibbs, one of the minor children of the parties hereto, as provided in [a written agreement dated May 25, 1962], said payments to commence forthwith and to continue until said minor child shall have attained the age of majority, married or become self-supporting . . .

Following the divorce, the parties had little contact with one another. George and Carolyn never discussed the trust account, nor did they agree upon a bank. On March 29, 1978, when Cynthia was 17 years old, Carolyn, as guardian ad litem and on Cynthia's behalf, filed a motion to compel compliance with the provisions of the judgment. Since her marriage, Cynthia has pursued this action in her own capacity.

Initially, the district judge denied Giles' motion to compel, apparently because her breach of trust theory was erroneous. Notice of entry of order was served on June 2, 1978. On June 16, 1978, the district judge granted Giles' motion for reargument based upon her theory that she is a third-party beneficiary of an executory agreement to establish a trust for her benefit.

Gibbs' contention that the motion for reargument must be viewed as a motion for a new trial within the provisions of NRCP 59 is without merit. NRCP 59 does not apply to the facts of this case. There was no trial, merely a motion supported and opposed by points and authorities. Giles did not seek a new trial of the facts. She simply requested an opportunity to reargue the law. Therefore, she was not bound by the procedural constraints of NRCP 59.[1]

Furthermore, District Court Rule 20(4)[2] (presently DCR 13(4)) allows a district judge to grant a motion for rehearing if he or she concludes that reargument is warranted. *See also* DCR 27 (presently DCR 19) and Eighth Judicial DCR 2.6. Unless and until an order is appealed, the district court retains jurisdiction to reconsider the matter. *Cf.* Osborn v. Riley, 331 So.2d 268 (1976) (after appeal taken, lower court can do nothing with respect to any matter involved in appeal); Bongiovi v. Bongiovi, 94 Nev. 321, 579 P.2d 1246 (1978) (court has jurisdiction to consider matters collateral to and independent from part of case on appeal). The district judge did not err in allowing reargument of Giles' motion.

Gibbs also contends that the custodial parent, not the minor

---

[1]NRCP 59(b):

"A motion for a new trial shall be served not later than 10 days after service of written notice of the entry of the judgment."

[2]DCR 20(4):

"No motion once heard and disposed of shall be renewed in the same cause, nor shall the same matters therein embraced be reheard, unless by leave of the court granted upon motion therefor, after notice of such motion to the adverse parties."

child, is the real party in interest for purposes of recovering arrearages in support payments ordered by a divorce decree. Where a contract contains a promise for the benefit of a stranger to the contract, the third-party beneficiary has a direct right of action against the promisor. Quijada v. So. Pipe & Casing, 78 Nev. 271, 317 P.2d 661 (1962); Hemphill v. Hanson, 77 Nev. 432, 366 P.2d 92 (1961); Acoustics, Inc. v. Amer. Surety, 74 Nev. 6, 320 P.2d 626 (1958); 2 Williston on Contracts § 368 at 901 (3d ed. 1959). We conclude that Giles has standing, as a third-party beneficiary, to compel Gibbs to perform his promise. *See* Bethune v. Bethune, 413 N.Y.S.2d 800 (N.Y.App. 1976); Forman v. Forman, 217 N.E.2d 645 (N.Y. 1966); Halldin v. Usher, 315 P.2d 418 (Cal.App. 1957).[3]

Finally, Gibbs contends that recovery of child support payments due prior to March 29, 1972, is barred by NRS 11.190(1)(a).[4] The six year statute of limitations for actions upon a judgment to recover arrearages in support payment begins to run against each installment as it becomes due. *Bongiovi,* 94 Nev. at 322; Brown v. Vonsild, 91 Nev. 646, 541 P.2d 528 (1975).

Giles argues, however, that she is entitled to full recovery because NRS 11.250(1)[5] applies to toll the statute during her infancy. Giles was a minor when each installment became due, and she did not reach majority until after the motion was filed.

As a general rule, a third-party beneficiary takes subject to

---

[3] We note that NRS 125.180 does not place restrictions on the class of people who have standing to sue for support arrearages. It provides that "when either party . . . makes default in paying any sum of money as required by the judgment . . . the district court may make an order directing entry of judgment for the amount of such arrears, together with costs and a reasonable attorney's fee . . . [This] relief . . . is in addition to any other remedy provided by law".

[4] NRS 11.190:

Actions other than those for the recovery of real property, . . . can only be commenced as follows:
1. Within 6 years:
(a) An action upon a judgment or decree of any court of the United States, or of any state or territory within the United States.
(b) An action upon a contract, obligation or liability founded upon an instrument in writing, except those mentioned in the preceding sections of this chapter.

[5] NRS 11.250:

If a person entitled to bring an action other than for the recovery of real property be, at the time the cause of action accrued,
1. Within the age of 18 years;
. . . .
the time of such disability shall not be a part of the time limited for the commencement of the action.

any defense arising from the contract that is assertible against the promisee, including the statute of limitations. *See e.g.*, Skylawn v. Superior Court, 151 Cal.Rptr. 793 (Cal.App. 1979); Bogart v. George K. Porter Co., 223 P. 959 (Cal. 1924); 4 Corbin on Contracts § 820 (1951); 2 Williston on Contracts § 394 (3d ed. 1959). However, where, as here, the party primarily interested in enforcing the agreement to establish a trust is the intended beneficiary of that trust, the statutory period must be tolled during the beneficiary's infancy.[6] *Cf.* Parker v. Chrysler Motors Corp., 88 Nev. 560, 502 P.2d 111 (1972) (widow barred but statute tolled as to minor heirs in wrongful death action); Perez v. Singh, 97 Cal.Rptr. 920 (Cal.App. 1971) (statute tolled during child's minority in action to establish paternity); Jose v. Lyman, 55 N.E.2d 433 (Mass. 1944) (laches not imputed to minor under guardianship). Were we to reach the opposite conclusion, the rights of the minor child would be sacrificed by the inaction of the promisee parent. Therefore, Giles is not barred by NRS 11.190(1)(a) from recovering payments due before 1972. The judgment is affirmed.

THOMPSON, GUNDERSON, MANOUKIAN, and BATJER, JJ., and GREGORY, SR. D. J.,[7] concur.

---

[6]The agreement in this case is distinguishable from the agreement in Bruce v. Froeb, 488 P.2d 662 (Ariz.App. 1971), which is cited by appellant. In *Bruce,* the support payments were made to the custodial parent, not to a trust fund for the children. The statute of limitations was not tolled during the minority of the children in the parent's action to collect arrearages.

[7]The Chief Justice, having voluntarily disqualified himself, designated the Honorable Frank B. Gregory, Senior District Judge, to sit in his stead in this case. Nev. Const. Art. 6, § 19; SCR 10.