DCSE/Susan L. JENNINGS, Petitioners,

v.

Eric A. DeBUSSY, Respondent.

No. CK93–4153.

Family Court of Delaware,
Kent County.

Submitted: Dec. 9, 1996.
Decided: March 7, 1997.

John A. Eberly, Deputy Attorney General, for Petitioners.

Sandra W. Dean, Wilmington, for Respondent.

NICHOLAS, Judge.

Before the Court is a Motion to Reopen a Judgment pursuant to Family Court Civil Rule 60(b)(6) filed by petitioners, Susan L. Jennings and the Division of Child Support Enforcement (hereinafter "DCSE") based upon the existence of a federal statute not known to the Family Court when it permanently stayed registration of a foreign child support Order on December 1, 1994. Respondent, Eric A. DeBussy, opposes the relief requested by Petitioners on the ground that the instant case was commenced prior to the enactment of the dispositive federal law. This is the Court's decision following briefing and arguments on the issue of whether the Full Faith and Credit for Child Support Act, 28 U.S.C. § 1738B should have been retroactively applied at the time the order was entered and whether the judgment should now be reopened under Rule 60(b)(6) to apply the applicable law then in existence.

## PROCEDURAL AND FACTUAL HISTORY

On August 26, 1992, Respondent was placed under an Order from the Probate and Family Court Department of the Trial Court of Massachusetts to pay $50.00 per week child support for his daughter, Natalie DeBussy, born December 12, 1973, who allegedly then resided with the Petitioner, Susan L. Jennings, in Massachusetts. The Respondent for all periods relevant to this matter resided in the State of Delaware. The August 26, 1992 obligation was ordered pursu-

ant to a Massachusetts statute allowing continued child support for a child until age 23 if the child is dependent upon the custodial parent for support. *Massachusetts General Laws,* Chapter 208, Section 28. By an Order dated December 17, 1992, the Respondent was found to be in contempt of the August 26, 1992 Order and his obligation increased to $158.00 per week. Thereafter, the Petitioners attempted to register the Massachusetts Order with the Family Court of Delaware and the matter came before a Master who dismissed the petition to register the order. Petitioners filed a Petition for Review De Novo of the Master's dismissal and the matter ultimately came before the Court on Respondent's Motion to Vacate Registration of the Order. After a hearing on December 1, 1994, the registration of the Massachusetts Support Order was permanently stayed.

As announced on the record in open court on December 1, 1994, the rationale for permanently staying the registration of the Massachusetts order was this Court's belief that Delaware's choice of law statute at that time, 13 *Del. C.* § 620,[1] governed the matter. Delaware's public policy that a parent's duty to support a child terminates upon the minor child attaining age 18 therefore dictated the result. However, on October 20, 1994, shortly before the final hearing on the matter on December 1, 1994, and unknown to the parties, Congress had enacted the "Full Faith and Credit for Child Support Order Act" (hereinafter, "FFCCSOA") codified at 28 U.S.C. § 1738B. This federal statute provides in pertinent part; "[i]n an action to enforce a child support order, a court shall apply the statute of limitation of the forum State or the State of the court that issued the order, whichever statute *provides the longer period of limitations.*" § 1738B(g)(3) (emphasis added). Upon discovering the existence of this federal statute, DCSE filed the pending Motion to Reopen, alleging the Court failed to apply the law in existence at

the time of the hearing and, therefore, erred in permanently staying the registration of the foreign order. The Respondent objects to the Motion contending that because the case had initially commenced prior to the enactment of the federal statute, and the Respondent proceeded under then current Delaware and federal law, the Court was correct in applying Delaware's choice of law provision. Therefore, the issue now before the Court is whether the FFCCSOA should have been applied retroactively, after this case had commenced, at the December 1, 1994 hearing.

### DECISION

Pursuant to Family Court Civil Rule 60(b)(6), a party may be relieved from a final judgment for "any other reason justifying relief." The standard for a Motion to Reopen pursuant to 60(b)(6) is a showing of "extraordinary circumstances." *Jewell v. Division of Social Servs.,* Del.Supr., 401 A.2d 88 (1979). An issue of first impression satisfies the showing of extraordinary circumstances. *State v. Skinner,* Del.Supr., 632 A.2d 82 (1993). Therefore, because the issue of whether the FFCCSOA should apply retroactively to a case commenced prior to its enactment is an issue of first impression and is answered in the affirmative as discussed below, the extraordinary circumstances standard is met in this case and warrants reopening the judgment. Furthermore, extraordinary circumstances exist in this case because it is determined that the Court failed to apply the applicable law in existence at the time of the final hearing and entered an order contrary to federal law.

The Respondent contends that the FFCCSOA should not be applied retroactively since the statute was enacted subsequent to the commencement of this case and, therefore, the Court's application of Delaware's choice of law provision at the December 1, 1994 hearing was correct. The Respondent

---

1. 13 *Del. C.* § 620 provided; "[d]uties of support applicable under this chapter are those imposed or imposable under the laws of any state where the obligor was present during the period for which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought."

This section was subsequently superseded by 13 *Del. C.* § 663 upon the General Assembly's enactment of The Uniform Interstate Family Support Act, effective July 1, 1995.

relies on the rule that absent clear language to the contrary, statutes are to be applied prospectively and not retrospectively. *Wilson v. Triangle Oil Co.*, Del.Supr., 566 A.2d 1016 (1989). Although this is the general presumption, it has also been held that a statute may apply retroactively even in the absence of clear legislative intent when it would relate "to practice, procedure or remedies and does not affect substantive or vested rights." *Hubbard v. Hibbard Brown & Co.*, Del.Supr., 633 A.2d 345, 354 (1993) (citing, 2 Norman J. Singer, *Sutherland Stat. Const.* § 41.09, at 399 (5th ed.1993)); *Husband B. v. Wife B.*, Del.Super., 396 A.2d 169, 171 (1978). In that I conclude that applying the FFCCSOA in this case does not affect any substantive rights possessed by Mr. DeBussy at the time of the commencement of the case, retroactive application of the statute is appropriate, and the statute should have governed the matter at the December 1, 1994 hearing even as a matter of Delaware law. However, what is at issue is the retroactivity of a federal statute and when a case implicates a federal statute, the state court should apply federal law. Friedenthal, Kane and Miller, *Civil Procedure* § 4.8, p. 233 (West Publishing 1984) (footnotes omitted).

The issue of retroactivity of a federal statute has been specifically addressed by the Supreme Court in *Landgraf v. USI Film Products*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). The Court addressed the tension between two lines of federal jurisprudence regarding retroactivity; the rule that a court is to apply the law in effect at the time it renders a decision, *Bradley v. Richmond Sch. Bd.*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974) and the rule enunciated in *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988) recognizing the law disfavors retroactivity and therefore Congressional enactments should not be construed to have retroactive effect unless their language requires this result. In reconciling these two canons of statutory construction, the Court in *Landgraf* provided instructions for courts in cases where a federal statute is enacted after the events in a suit.

The first step is to determine whether Congress has "expressly prescribed the statute's proper reach." *Landgraf* at 280, 114 S.Ct. at 1505. Secondly, if Congress has remained silent on the issue of retroactivity, a court must then determine if the "new statute would have a retroactive effect, i.e., whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.* If a statute would have a true "retroactive effect" then the "traditional presumption" against retroactivity applies, and the statute should not govern the case. *Id.*

It is apparent from the Act itself and the legislative history that Congress did not address the issue of retroactivity. Therefore, the issue is whether the FFCCSOA would have "retroactive effect." Since I am of the opinion that the FFCCSOA does not impair any rights possessed by Mr. DeBussy at the commencement of this action, nor increases his liability, the statute should have governed the matter at the December 1, 1994 hearing.

The presumption against applying a newly enacted statute retroactively exists as a matter of fairness, so that "individuals ... have an opportunity to know what the law is and be able to conform their conduct accordingly." *Landgraf* at 265, 114 S.Ct. at 1497. Applying the FFCCSOA retroactively does not impair Mr. DeBussy's ability to do either. The issue at the December 1, 1994 hearing was what law governed the enforcement of a foreign child support order where the issuing state's support obligations exceeded Delaware's support obligations. The Court, applying what it believed at the time to be the governing choice of law provision, 13 *Del. C.* § 620, determined that Delaware's law should be the law applied since Mr. DeBussy was a Delaware resident. Therefore, since Delaware's public policy governed, Mr. DeBussy's support obligation should have ended once the child reached 18 years of age. However, unbeknownst to the Court, the FFCCSOA was enacted on October 20, 1994 and was thus in effect at the time of the hearing. · The enactment of the FFCCSOA undisputedly preempted Delaware's § 620

pursuant to the Supremacy Clause of the U.S. Constitution and established a different choice of law rule, requiring the court to apply the longer period of statute of limitations and therefore, establishing a different public policy.

Applying the federal law at the time of trial only implicates choice of law provisions. A choice of law provision does not establish substantive rights but merely instructs the court as to which law to look towards in determining an issue. It is essentially procedural in nature. Certainly the outcome may differ depending on the choice of law applied, but the rights created and possessed by the parties are found in provisions separate and apart from choice of law sections. Therefore, Mr. DeBussy is incorrect in arguing that a change in the choice of law impaired his right to have Delaware public policy apply to a Massachusetts support order where such a right had not yet been established and, in fact, was the exact issue at the December 1, 1994 hearing. Nor is he accurate in saying that applying the FFCCSOA after the case commenced "changes the law." While it is true in Delaware that a parent's duty to support may end upon the child turning 18 years old, such is not always the case in Massachusetts where the child resided and where there exists a presumptively valid order to pay further support. The FFCCSOA provision does not alter these obligations nor does it impose a federal policy as to when a support obligation should end. The statute merely instructs a court which obligation to enforce when a conflict exists.[2]

Furthermore, the FFCCSOA was enacted in an attempt by Congress to make the enforcement of foreign child support orders uniform between the States. Pub.L. No. 103–383, § 2, 108 Stat. 4063 (1994). The Congressional policy of ensuring that foreign child support orders are uniformly recognized and enforced further justifies a deter-

mination that the statute should apply to cases commenced prior to the statute's enactment. The appropriateness of applying the FFCCSOA retrospectively is also supported by several decisions in other jurisdictions. *See, Matter of Isabel M. v. Thomas M.*, 164 Misc.2d 420, 624 N.Y.S.2d 356, 1995 N.Y. Misc. LEXIS 93 (1995); *Day v. State Dept. of Social and Rehabilitation Servs., Child Support Enforcement Div.*, 272 Mont. 170, 900 P.2d 296, 300 (1995); *In re Marriage of Lurie*, 33 Cal.App.4th 658, 39 Cal.Rptr.2d 835 (1995).

Since the FFCCSOA does not divest Mr. DeBussy of any rights he possessed at the commencement of this case, nor does it increase his liability, the statute does not have a retroactive effect and should have governed the December 1, 1994 hearing as the law in effect at the time of the hearing. Therefore, because the Court erred in not applying the correct law at the time of the final hearing on the matter, the Petitioners' Motion to Reopen pursuant to Rule 60(b)(6) is hereby **GRANTED.**

The Respondent has also requested an award of attorney's fees for the preparation and defense of the Petitioner's Motion to Reopen. Pursuant to 13 *Del. C.* § 632(b) a court may not assess fees or costs against an obligee or support enforcement agency. Therefore, Respondent's request for attorney's fees is hereby **DENIED.**

**IT IS THE ORDER OF THE COURT** that the matter shall be assigned back to the Master for the presentation of any defenses the Respondent may have against the enforcement of the Massachusetts order.

**IT IS THE FURTHER ORDER OF THE COURT** that the Massachusetts order is temporarily stayed pending final disposition by the Master.

**IT IS SO ORDERED.**

---

2. Interestingly, the Petitioners could have avoided any choice of law issue by having reduced the Massachusetts judgment to a final order and then proceeded to enforcement through the enforcement of foreign judgment proceedings available in Superior Court pursuant to 10 Del.C. § 4781 *et seq.* How can substantive rights then be implicated when the entire issue could have been sidestepped had Petitioners simply chosen another Delaware forum for enforcement of their judgment?