THE STATE OF WASHINGTON, LOIS J. ANGLIN, Appellants, *v.* PETER J. BAGLEY, Respondent.

No. 28225

COUNTY OF PLACER, Appellant, *v.* HARRY W. PERRINE, Respondent.

No. 28237

LUCINDA K. BRUCE, Appellant, *v.* GEORGE E. OSBORNE, Respondent.

No. 28263

THE COUNTY OF FRESNO o/b/o MARC JOSEPH MULOCK, Appellant, *v.* GARY LEE MULOCK, Respondent.

No. 28310

JANET PECORE, Appellant, *v.* RONALD JAY PECORE, Respondent.

No. 28316

NILIDAN L. MEDEIROS, Appellant, *v.* VIRGINIO ANTHONY MEDEIROS, JR., Respondent.

No. 28328

COUNTY OF SACRAMENTO, STATE OF CALIFORNIA, and VALINDA WALSH, Appellants, *v.* ROBERT MORAN WALSH, Respondent.

No. 28329

THE STATE OF CALIFORNIA, ex rel ROBYN BROOKE GOFORTH, Appellant, *v.* MONTE EUGENE GOFORTH, Respondent.

No. 28330

TRANELL A. HERHOLDT, Appellant, *v.* RONALD CARTER, Respondent.

No. 28500

September 1, 1998                963 P.2d 498

*Frankie Sue Del Papa,* Attorney General, Carson City; *Richard A. Gammick,* District Attorney, and *Kari Lepori Cordisco,* Deputy District Attorney, and *Susan Hallahan,* Deputy District Attorney, Family Support Division, Washoe County, for Appellants.

*Peter J. Bagley,* Reno, in Proper Person.

*Harry W. Perrine,* Reno, in Proper Person.

*George E. Osborne,* Reno, in Proper Person.

*Gary Lee Mulock,* Sparks, in Proper Person.

*Jeffrey Friedman,* Reno, for Respondent Pecore.

*Virginio Anthony Medeiros, Jr.,* Reno, in Proper Person.

*Robert Moran Walsh,* Carson City, in Proper Person.

*Monte Eugene Goforth,* Reno, in Proper Person.

*Ronald Carter,* Reno, in Proper Person.

## OPINION

By the Court, YOUNG, J.:

Appellants filed actions in the district court to enforce child support orders entered prior to July 1, 1987. URESA masters determined that pursuant to McKellar v. McKellar, 110 Nev. 200, 871 P.2d 296 (1994), appellants were barred from recovering child support payments that had accrued more than six years prior to the initiation of their actions. The district court held that the masters correctly interpreted *McKellar* and affirmed their recommendations. In light of our clarification of *McKellar,* we conclude that the district court erred and accordingly, we reverse the district court's orders and remand for further proceedings.

### FACTS

Respondents are subject to child support obligations pursuant to orders entered prior to July 1, 1987, in Nevada, California, North Dakota, and Washington. In late 1994, the Washoe County District Attorney's Office began notifying respondents of its intent to enforce their support obligations on behalf of appellants. Appellants were seeking to recover child support payments that had accrued over different periods since the entry of their respective child support orders.[1]

In each case, a URESA master determined that pursuant to *McKellar,* each appellant was barred from recovering child support payments that had accrued more than six years prior to the commencement of each appellant's action. The district court determined that the masters correctly interpreted *McKellar*, and affirmed their recommendations. These appeals followed. Appellants contend that the district court erred and that NRS 125B.050(3) permits them to recover payments that accrued from July 1, 1981, to the commencement of their action. We agree.

---

[1]Several of the appellants are state agencies seeking to recover arrears as reimbursement for public assistance granted to the respondents' children.

## DISCUSSION

Prior to July 1, 1987, actions to recover child support arrears were subject to a six-year period of limitation pursuant to NRS 11.190(1)(a). Where child support was payable in installments, the six-year period of limitation began to run against each installment as it became due. *See, e.g.,* Gibbs v. Giles, 96 Nev. 243, 607 P.2d 118 (1980); Bongiovi v. Bongiovi, 94 Nev. 321, 579 P.2d 1246 (1978). On July 1, 1987, the legislature eliminated the period of limitation with the addition of subsection 3 to NRS 125B.050 (formerly NRS 126.263). This subsection provides:

> 3. If a court has issued an order for the support of a child, there is no limitation on the time in which an action may be commenced to:
> (a) Collect arrearages in the amount of that support; or
> (b) Seek reimbursement of money paid as public assistance for that child.

1987 Nev. Stat., ch. 808, § 41 at 2252. At issue in these appeals is how NRS 125B.050(3) applies in an action to enforce a child support order that was entered prior to July 1, 1987.

We previously considered this issue in *McKellar,* 110 Nev. 200, 871 P.2d 296. In that case, the father was ordered to pay child support following the parties' divorce in 1974. He stopped making payments in 1977, and, in 1991, nearly fourteen years later, the mother filed an action to recover arrears dating back to 1977. The district court held that the mother was entitled to arrears that accumulated during the entire period. We disagreed and concluded that NRS 125B.050(3) does not apply retroactively and that NRS 11.190(1)(a) applied to "preclude recovery for any of [the mother's] claims which were time-barred at the commencement of her action." *Id.* at 203-204, 871 P.2d at 298. We then remanded the matter to the district court for a recalculation of the recoverable arrears. *Id.* at 204, 871 P.2d at 298.

Today, we clarify our holding in *McKellar.* For the reasons expressed below, we conclude that in an action to enforce a child support order entered prior to July 1, 1987, NRS 125B.050(3) permits the recovery of child support payments that accrued from July 1, 1981, to the commencement of the enforcement action.[2]

---

[2]In *McKellar,* we also stated as follows:

[The father] claims that the amendment to NRS 125B.050 (effective July 1, 1987), which eliminated the statute of limitations in actions to collect child support arrearages, does not apply retroactively. Therefore, [the father] asserts, the general six-year statute of limitations should

As set forth above, prior to July 1, 1987, when NRS 125B.050(3) was enacted, the six-year statute of limitations (NRS 11.190(1)(a)) began to run as each installment payment became due. *See Gibbs,* 96 Nev. at 246, 607 P.2d at 120; *Bongiovi,* 94 Nev. at 322, 579 P.2d at 1247. Although the statute of limitations began to run for child support payments that came due from July 1, 1981, onward, the period of limitation never expired because on July 1, 1987, the period of limitation was abolished. Therefore, recovery of payments that accrued in that period is not barred by any statute of limitations.

Applying NRS 125B.050(3) in this manner best effectuates the legislative intent to remove obstacles to collecting unpaid child support. *See* Minutes of Hearing on A.B. 395 Before the Assembly Judiciary Comm., 64th Leg. (Nev., May 14, 1987) (noting, for instance, that evading child support was often a ''pre-determined plan'' by the noncustodial parent to become unavailable until the statute of limitations cancelled that parent's support obligation). It permits all obligees with extant support judgments to benefit from the statute. Additionally, this application is consistent with our holding in *McKellar* that NRS 125B.050(3) does not apply retroactively. 110 Nev. at 203, 871 P.2d at 298. Applying NRS 125B.050(3) in this manner does not revive any claims that were barred by NRS 11.190(1)(a) as of July 1, 1987. Accordingly, we conclude that the district court erred in determining that appellants are barred from recovering payments that accrued more than six years prior to the commencement of their actions.

Those appellants with foreign child support orders also argue for the first time on appeal that in an action to enforce a foreign child support order, a Nevada court is obliged to apply the statute of limitations of Nevada or the foreign state, ''whichever statute provides the longer period of limitation'' pursuant to the federal Full Faith and Credit for Child Support Orders Act. 28 U.S.C.A. § 1738B(h)(3) (West Supp. 1998). Therefore, they contend that where applicable, they should be permitted to benefit from the longer statute of limitations provided by the foreign state. We need not address this issue. Since those appellants did not pre-sent this argument below, they are precluded from raising it on appeal. *See* Peot v. Peot, 92 Nev. 388, 551 P.2d 242 (1976).

control in this case to bar recovery of arrearages accrued more than six years prior to the initiation of this action. *See* NRS 11.190. We agree. 110 Nev. at 203, 871 P.2d at 298 (footnote omitted). To the extent that this language is at odds with our analysis and conclusion in this opinion, it is expressly overruled.

## CONCLUSION

We conclude that the district court erred in affirming the recommendations of the URESA masters. We therefore reverse the district court's orders and remand these cases to the district court so that it may recalculate the child support arrears owed by respondents.[3]

SHEARING, J., with whom MAUPIN, J., joins, concurring in part and dissenting in part:

I agree that NRS 125B.050(3) permits appellants to recover child support payments dating back to July 1, 1981. However, I take issue with this court's refusal to address the alternative claim raised by the appellants with foreign child support orders.

In an action to enforce a foreign child support order, the federal Full Faith and Credit for Child Support Orders Act ("Act") requires a Nevada court to apply the statute of limitations of either Nevada or the foreign state, "whichever statute provides the longer period of limitation." 28 U.S.C.A. § 1738B(h)(3) (West Supp. 1998). The Act is clearly applicable here. *See* In re Marriage of Carrier, 576 N.W.2d 97 (Iowa 1998) (holding that under the supremacy clause of the United States Constitution, the Act is binding on all states and supersedes any inconsistent provisions of state law); DCSE/Jennings v. DeBussy, 707 A.2d 44 (Del. Fam. Ct. 1997) (holding that the Act, which was enacted in October 1994, applies retroactively). As a result, the district court committed plain error by failing to apply the Act and thus, this court is free to address this issue even though it was not raised below. *See* Bradley v. Romeo, 102 Nev. 103, 716 P.2d 227 (1986) (concluding that this court may consider relevant issues *sua sponte* in order to prevent plain error, such as when a clearly controlling statute is not applied by the district court). Therefore, I would remand with instructions that the district court determine whether any appellant with a foreign child support order may benefit from a longer period of limitation provided by the foreign state that entered the support order, and that the district court recalculate the child support arrears due those appellants accordingly. *See* Cal. Fam. Code § 4502 (West 1994); N.D. Cent. Code § 28-01-

---

[3]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in Docket Number 28316.

On July 3, 1996, pursuant to NRAP 46(b), we granted leave to respondent Harry W. Perrine to file a proper person answering brief in Docket Number 28237. Although he was not granted leave to file any other documents, this court has considered the proper person documents subsequently received from him.

The Washoe County District Attorney's Office has filed motions requesting that Docket Numbers 28225 and 28237 be remanded to the district court pursuant to Huneycutt v. Huneycutt, 94 Nev. 79, 575 P.2d 585 (1978). We deny the motions as moot.

15(1) (1991); Wash. Rev. Code Ann. § 4.16.020(2) (West Supp. 1998).

Rose, J., with whom Springer, C. J., joins, concurring in part and dissenting in part:

This court properly declined to address the application of the federal Full Faith and Credit for Child Support Orders Act since the issue was not raised below. Although I agree that the district court erred in concluding that appellants are limited to a six-year period of recovery, in my view, NRS 125B.050(3) should not be applied to extend their recovery to July 1, 1981.

It appears to me that NRS 125B.050(3) eliminates the period of limitation beginning from the day the provision took effect, i.e., July 1, 1987. In other words, payments that accrue on or after July 1, 1987, are not subject to any period of limitation. On the other hand, payments that accrued before July 1, 1987, remain subject to the six-year period of limitation prescribed by NRS 11.190(1)(a).

This application of NRS 125B.050(3) is in line with our case law holding that the statute of limitations begins to run against an installment payment when that payment becomes due. *See* Gibbs v. Giles, 96 Nev. 243, 607 P.2d 118 (1980); Bongiovi v. Bongiovi, 94 Nev. 321, 579 P.2d 1246 (1978). The period of limitation that governed prior to July 1, 1987, was six years. *See* NRS 11.190(1)(a). As this limitation period applied as soon as each payment became due, it remained the applicable limitation period for all payments that came due before July 1, 1987. Applying NRS 125B.050(3) in this manner is consistent with our earlier holding that NRS 125B.050(3) does not apply retroactively. *See* McKellar v. McKellar, 110 Nev. 200, 203, 871 P.2d 296, 298 (1994). Additionally, this application of the statute is faithful to our conclusion in McKellar that "[i]n amending NRS 125B.050, the legislature intended to eliminate the statute of limitations for actions to collect child support payments, *beginning on the effective date of the amendment.*" *Id.* (emphasis added). Finally, applying the six-year statute of limitations to payments that became due before July 1, 1987, is equitable to obligors and obligees; it imposes no hardship on either since they were on notice at the time the payments became due that the period of limitation was six years.

Accordingly, I would remand these cases for the district court to apply NRS 125B.050(3) to the recovery of child support payments that accrued on and after July 1, 1987, only, and to recalculate the collectible child support arrears.