IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 18, 2013 Session

## CAROLE HOKE JOHNS v. SAM N. JOHNS, JR.

**Direct Appeal from the Circuit Court for Madison County**
**No. C-10-198      Roy Morgan, Jr., Judge**

**No. W2013-01102-COA-R3-CV - Filed November 15, 2013**

This appeal involves the latest in a series of attempts by Mother to recover child support arrearages owed by Father. In this particular case, Mother sought to register and enforce in Tennessee a 2007 Arkansas judgment for approximately $47,000 in child support arrearages. The trial court entered an order registering the Arkansas judgment in Tennessee. However, it granted a declaratory judgment motion filed by Father, declaring that the Arkansas judgment was unenforceable in Tennessee due to the ten-year statute of limitations for enforcing judgments found at Tennessee Code Annotated section 28-3-110. Mother appeals. We reverse and remand for further proceedings.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Mitchell G. Tollison, Jackson, Tennessee, for the appellant, Carol Hoke Johns

Angela Snider, Gayra Hall, Jackson, Tennessee, for the appellee, Sam N. Johns

# OPINION

## FACTS & PROCEDURAL HISTORY

Carole Hoke Johns ("Mother") and Sam N. Johns, Jr. ("Father") were divorced by decree of the Chancery Court for the Chickasawba District of Mississippi County, Arkansas, on July 30, 1981. The parties had two minor children who were born in 1975 and 1979. Custody of the children was awarded to Mother, and Father was ordered to pay $1000 per month in child support.

Less than a year after the divorce decree was entered, the divorce court entered an order, on June 29, 1982, finding Father in contempt for failure to pay the amounts owed pursuant to the divorce decree. Father had only paid $775 since the decree was entered. The divorce court entered a judgment in favor of Mother for $10,415.64 plus interest. The trial court reduced Father's prospective child support obligation to $400 per month.

On November 26, 1986, the divorce court entered an order, based upon Mother's motion for judgment and for contempt, finding that Father had paid only $6,860 to Mother, despite being obligated to pay a total of $21,200 since the entry of the 1982 judgment. Thus, the divorce court again found Father in contempt, and it entered a judgment in favor of Mother for the sum of $14,340 plus interest and court costs.

Father moved to Tennessee in 1988. In 1993, one of the children reached the age of majority, and Father filed in the Arkansas divorce court a petition to reduce his child support obligation due to a change in circumstances. On July 6, 1995, the divorce court set Father's child support obligation for the remaining child at $200 per month and ordered him to continue paying $100 per month toward the previous judgment for arrearages. The parties' second child reached the age of eighteen in 1997.

On May 6, 1999, the divorce court entered another order finding Father in contempt. The order stated, "The parties, through their respective attorneys, have agreed that the total amount of principal and interest indebtedness due on the prior judgments against the defendant is $40,337.81 as of March 4, 1999." The court awarded Mother "an additional attorney's fee in the amount of $750.00, together with her costs in the bringing of th[e] action." The order stated that Father had filed a motion to dismiss on the basis of the Arkansas statute of limitations, which the trial court denied, "the court finding that this action was filed within the time permitted by the statute."

On June 5, 2006, the Circuit Court for Mississippi County Arkansas, Domestic Relations Division, entered yet another order finding Father in contempt "for failing to pay pursuant to the prior Orders of this Court, there being no good cause shown for his failing to pay according to the directions and orders of the Court." The court further found that, "[b]ased upon the evidence presented, the balance of the Judgment owed to [Mother] by [Father] as of May 24, 2006, is $43,199.85."

Finally, on June 4, 2007, the circuit court entered another order finding Father in contempt, in which the court made the following findings:

> The Court finds that on May 6, 1999, there was an outstanding arrearage of child support of $40,337.81 and that the Court issued an Order directing the Defendant to continue to pay, as previously ordered by the Court, the sum of $300.00 per month toward that arrearage, there having been a denial of the Defendant's request for a reduction. . . .
> The Court finds that the defendant stopped paying the arrearage in 2005 . . . .
>
> . . .
>
> The Court finds that the Defendant willfully and contemptuously failed to pay or to continue to pay the arrearage in child support and that there is now due the sum of $46,714.52, the Defendant having paid $24,300.00 only on the arrearage.
>
> . . .
>
> An attorney's fee of $1,000.00 is awarded to Plaintiffs attorney and the Defendant is found to be in contempt.

Father appealed the entry of this order to the Arkansas Court of Appeals.

In **Johns v. Johns**, 103 Ark. App. 55, 286 S.W.3d 189 (Ark. Ct. App. 2008), the Arkansas Court of Appeals affirmed the trial court's order, rejecting Father's argument that Mother's action to collect the prior arrearage judgment was barred by the Arkansas statute of limitations. An Arkansas statute provided that "[i]n any action involving the support of any minor child or children, the moving party shall be entitled to recover the full amount of accrued child support arrearages from the date of the initial support order until the filing of the action." Ark. Code Ann. § 9-14-236(b). However, that same statute further provided that the action for collection of child-support arrearages could only be brought "at any time up to and including five (5) years beyond the date the child for whose benefit the initial child support order was entered reaches eighteen (18) years of age." Ark. Code Ann. § 9-14-236(c). Relying upon this provision, Father argued to the Court of Appeals "that the trial court erred in finding him in contempt for failing to pay child support when the [2006

-3-

contempt] action was barred by the statute of limitations because the youngest child was more than twenty-three years of age when the [2006] motion for contempt [seeking enforcement of the 1999 judgment] was filed." *Id.* at 190. The Arkansas Court of Appeals concluded that Father's reliance upon the aforementioned Arkansas statute was "misplaced," because Mother "was not bringing an action to recover accrued child-support arrearages from an initial support order," but rather, "she was seeking enforcement of a judgment." *Id.* at 191. In that case, a separate statutory provision applied, Ark. Code Ann. § 9-14-235, which stated, "[i]f a child support arrearage or judgment exists at the time when all children entitled to support reach majority ... the obligor shall continue to pay an amount equal to the court-ordered child support... until such time as the child support arrearage or judgment has been satisfied." The Court noted that this statute imposed "no limitations on the enforcement" of child-support judgments. *Id.* at 192. Therefore, Mother's 2006 petition for contempt (seeking enforcement of the 1999 arrearage judgment) was not time-barred, as Father claimed.

After the Arkansas Court of Appeals resolved Father's appeal on June 25, 2008, Mother filed a "Petition to Register Foreign Judgment" in the Circuit Court of Madison County, Tennessee, on July 6, 2010. Mother sought to register the most recent order entered by the Arkansas trial court, dated June 4, 2007, which found that Father owed Mother "the sum of $46,714.52" on the arrearage and further awarded Mother an attorney's fee of $1,000. Mother's petition noted that the trial court's order had been affirmed by the Arkansas Court of Appeals. She attached to her petition a certified copy of the trial court's judgment and asked the trial court to register the judgment in Tennessee pursuant to Tennessee Code Annotated section 26-6-104.

Thereafter, Father filed a petition for declaratory judgment, seeking a declaration that the Arkansas judgment was unenforceable in Tennessee due to this State's ten-year statute of limitations for the enforcement of judgments, found at Tennessee Code Annotated section 28-3-110. Father acknowledged that an arrearage judgment was entered against him by the Arkansas court in 1982 and again in 1986. However, he claimed that "[e]ach and every order subsequently entered [was] based upon this [1986] judgment," and "[t]here was no additional [child support] arrearage accrued between December 24, 1986 and the present time aside from interest on the December 24, 1986 judgment." Thus, Father basically argued that Mother was attempting to enforce a child support judgment from 1986, even though the order she sought to register was entered in 2007. He argued,

> For a December 1986 child support arrearage judgment to be enforceable in Tennessee, it would have had to been brought within ten (10) years of the date the judgment was entered. The fact that interest was added to the principal amount in later orders does not extend the statute of limitations which was in

effect at the time the December 1986 judgment was entered.

In sum, Father asked the trial court to hold that Mother's petition to enroll the foreign judgment was barred by the ten-year statute of limitations found at Tennessee Code Annotated section 28-3-110. Mother filed a response, arguing, among other things, that the Arkansas court's awards of additional sums for interest and attorney's fees in the years after the 1986 judgment would be considered additional awards of child support.

On July 11, 2012, the trial court entered an order granting Mother's petition to register the foreign judgment. However, on April 12, 2013, the trial court entered an order granting Father's motion for declaratory judgment, holding that the enrollment of the Arkansas arrearage judgment was unenforceable, as enforcement was time-barred due to Tennessee's ten-year statute of limitations. The court found that an arrearage judgment was originally entered in 1982, and in 1986 the judgment was modified and a new arrearage judgment was entered. The trial court found that "the subsequent orders entered in the case refer back to 'principal and interest indebtedness on prior judgments' and 'arrearage and judgments previously rendered,'" and that "no child support arrearage was reduced to judgment after 1986." The court determined that "the judgment Plaintiff seeks to enforce is subject to all defenses accorded by the laws of the State of Tennessee including the statute of limitations as set forth in Term. Code Arm. §28-3-110," and on that basis the court found that enforcement of the Arkansas judgment was time-barred. Mother timely filed a notice of appeal.

## II.  ISSUE PRESENTED

Mother states the issue on appeal as "whether the trial court erred in granting [Father's] motion for declaratory action by applying the statute of limitation as set forth in T.C.A. § 28-3-110?" For the following reasons, we reverse the decision of the circuit court and remand for further proceedings consistent with this opinion.

## III.  STANDARD OF REVIEW

Resolving a statute of limitations issue involves statutory interpretation, which is an issue of law, and therefore, our standard of review is de novo without any presumption of correctness given to the trial court's conclusion of law. *Collins v. Estate of Collins*, No. E2012-00079-COA-R3-CV, 2012 WL 5844745, at *1 (Tenn. Ct. App. Nov. 19, 2012) (citing *Lavin v. Jordon*, 16 S.W.3d 362, 364 (Tenn. 2000)).

# IV. DISCUSSION

A judgment creditor seeking to enforce a judgment that was not entered by a Tennessee court may proceed in a number of ways. *Barone v. Barone*, No. E2011-01014-COA-R3-CV, 2012 WL 1116320, at *4 (Tenn. Ct. App. W.S. Apr. 3, 2012). Here, Mother opted to register her judgment for enforcement in Tennessee pursuant to the Uniform Enforcement of Foreign Judgments Act, Tenn. Code Ann. § 26-6-101, et seq. Pursuant to this Act,

> (a) A copy of any foreign judgment authenticated in accordance with the acts of congress or the statutes of this state may be filed in the office of the clerk of any circuit or chancery court of this state.
>
> (b) The clerk shall treat the foreign judgment in the same manner as a judgment of a court of record of this state.
>
> (c) A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a court of record of this state and may be enforced or satisfied in like manner.
>
> . . .

Tenn. Code Ann. § 26-6-104. Because a registered judgment is treated in the same manner as a judgment from this State, and subject to the same defenses, enforcement of the registered judgment is subject to being barred by the ten-year statute of limitations found at Tennessee Code Annotated section 28-3-110. *See, e.g.*, *Hart v. Tourte*, 10 S.W.3d 263, 266-67 (Tenn. Ct. App. 1999) (finding that enforcement of a registered California judgment was not barred by Tenn. Code Ann. § 28-3-110 because ten years had not passed since the judgment was renewed). Tennessee Code Annotated section 28-3-110 provides that "[a]ctions on judgments and decrees of courts of record of this or any other state or government" shall be commenced within ten years after the cause of action accrued.

The aforementioned statutes are not the only ones applicable to this particular foreign judgment, however, as this judgment is one for child support arrearages. "In 1988, Congress established the United States Commission on Interstate Child Support [] to offer recommendations on the resolution of interstate child support problems." *LeTellier v. LeTellier*, 40 S.W.3d 490, 497 (Tenn. 2001). The Full Faith and Credit for Child Support Orders Act (FFCCSOA), 28 U.S.C. § 1738B, was signed into law in 1994. *Id.* (citing Pub.L. No. 103–383, § 3(a) (1994)). The FFCCSOA "was enacted by the United States Congress to facilitate enforcement of child support orders among the states, to discourage interstate controversies over child support, and to avoid jurisdictional competition and conflict among

the states in the establishment of child support." 18 A.L.R.6th 97, "Validity, Construction, & Application of Full Faith and Credit for Child Support Orders Act (FFCCSOA), 28 U.S.C.A. § 1738B—State Cases."

> Section (h) of the FFCCSOA provides:
> (h) Choice of law.--
> (1) In general.--In a proceeding to establish, modify, or enforce a child support order, the forum State's law shall apply except as provided in paragraphs (2) and (3).
> . . .
> (3) Period of limitation.--In an action to enforce arrears under a child support order, a court shall apply the statute of limitation of the forum State or the State of the court that issued the order, whichever statute provides the longer period of limitation.

28 U.S.C. § 1738B(h).[1]  This Court has previously recognized the applicability of the FFCCSOA's choice of law provision, in a suit to enforce a California judgment, in the context of deciding which state's statute of limitation applied.  *See County of San Mateo, Calif. v. Green*, No. M1999-00112-COA-R3-CV, 2001 WL 120729, at *2 (Tenn. Ct. App. Feb. 14, 2001) (applying 28 U.S.C. § 1738B(h)(3) to conclude that the longer statute of limitation applied).

Father conceded at oral argument in this matter that enforcement of the Arkansas judgment would not be barred pursuant to the Arkansas statute of limitations.  However, he claims that we should not consider or apply the FFCCSOA because Mother failed to cite this Act in the trial court, and issues raised for the first time on appeal are generally considered waived.[2]

---

[1] We note that Tennessee Code Annotated section 36-5-2604(b) similarly provides, "In a proceeding for arrearages, the statute of limitation under the laws of this state or of the issuing state, whichever is longer, applies."  According to the statutory comment, an "obligor should not gain an undue benefit from the choice of residence if the forum state has a short statute of limitations for arrearages."  This statute is found in Tennessee's version of the Uniform Interstate Family Support Act.  Father argues on appeal that this section is inapplicable because Mother chose to register her judgment pursuant to a different statutory scheme, the Tennessee Uniform Enforcement of Foreign Judgments Act, Tenn. Code Ann. § 26-6-101, et seq.  Because the federal statute provides an independent basis for applying the longer statute of limitations, we need not consider the applicability of Tennessee Code Annotated section 36-5-2604.

[2] Father asserted in his brief on appeal that "there are potentially issues of fact that would need to be determined with regard to the application of . . . the [federal] FFCC[S]OA that were not addressed at the trial court level because the application of [the Act] was not raised."  However, Father did not elaborate as
(continued...)

Our Supreme Court has stated, "It is incumbent upon the courts to apply the controlling law, whether or not cited or relied upon by either party." **Nance by Nance v. Westside Hosp.**, 750 S.W.2d 740, 744 (Tenn. 1988) (citing *City of Memphis v. Int'l Brotherhood of Electrical Workers*, 545 S.W.2d 98 (Tenn. 1976); *Simmons v. State ex rel. Smith*, 503 S.W.2d 103 (Tenn. 1973)); *see also* **Coffee v. Peterbilt of Nashville, Inc.**, 795 S.W.2d 656, 659 n.1 (Tenn. 1990) ("It is the duty of this Court to apply the controlling law, for which there is a basis in the record, whether or not cited or relied upon by the parties."). Thus, we find it appropriate to apply the FFCCSOA to this matter even though Mother did not cite it before the trial court.[3]

As previously noted, Father conceded at oral argument that enforcement of the child support judgment would not be barred pursuant to Arkansas law. The Arkansas Court of Appeals has already rejected Father's previous argument that enforcement of the arrearage judgment was barred five years after the children turned eighteen pursuant to Ark. Code Ann. § 9-14-236. The Court also noted that the statute that does apply to child support arrearage judgments, § 9-14-235, "imposes no limitations on the enforcement" of such judgments. Section 9-14-235 provides, "If a child support arrearage or judgment exists at the time when any child entitled to support reaches the age [of] majority . . . the obligor shall continue to pay an amount equal to the court-ordered child support, or an amount to be determined by a court . . . until such time as the child support arrearage or judgment has been satisfied." Ark. Code Ann. § 9-14-235(a). The purpose of this statute "is to allow the enforcement and collection of child support arrearages and judgments after the obligor's duty to pay support ceases." Ark. Code Ann. § 9-14-235(f).

Arkansas does have a ten-year statute of limitations on enforcing judgments generally, similar to Tennessee's statute. *See* Ark. Code Ann. § 16-56-114 ("Actions on all judgments and decrees shall be commenced within ten (10) years after cause of action shall accrue[.]") However, an amendment to Ark. Code Ann. § 9-14-235 was passed in July of 1995 in order

---

[2](...continued)
to what alleged "potential[] issues of fact" he perceived, or how they would affect the applicability of the Act. We are not aware of any disputed issues of fact that would affect our analysis of this issue.

[3] The Supreme Court of Nevada refused to consider the applicability of 28 U.S.C. § 1738B(h) to a matter when the appellant failed to raise the issue before the trial court. **State of Washington v. Bagley**, 114 Nev. 788, 792, 963 P.2d 498, 501 (Nev. 1998). However, two justices dissented, criticizing the majority for failing to address the issue because the federal Act was "clearly applicable" and the trial court had "committed plain error by failing to apply the Act," therefore, according to the dissent, the Court should have considered the issue even if not raised below. **Id.** at 793 (J. Shearing, dissenting).

to allow continued collection on child support judgments until satisfied.[4] *Malone v. Malone*, 338 Ark. 20, 25, 991 S.W.2d 546, 550 (Ark. 1999). In deciding which of these two statutes is controlling as to child support arrearage judgments, the Supreme Court of Arkansas held in *Malone* that the more specific statute, § 9-14-235, applies. *Id.* at 550. Consequently, the Court held that section 9-14-235 "governs actions to collect on child-support judgments to the extent that such actions were not yet barred at the time section 9-14-235, as amended, became effective[.]" *Id.* Considering the facts before it in *Malone*, the Court looked to whether enforcement of the underlying judgment was already barred by the ten-year statute of limitations when section 9-14-235 was amended, "that is on July 28, 1995." *Id.* at 551. Because an action on the judgment at issue "was not yet barred" by the ten-year statute of limitations when the statute was amended on July 28, 1995, the Court concluded that "section 9-14-235, as amended, governs the [child support] judgment, so as to allow for its enforcement and collection in the manner provided by that statute until the judgment is fully satisfied." *Id.*

In the case before us, then, we must determine whether enforcement of Mother's child support arrearage judgment was already barred by Arkansas's general ten-year statute of limitations on judgments at the time when Ark. Code Ann. 9-14-235 was amended, that is, on July 28, 1995. The divorce court entered the initial arrearage judgment against Father in 1982, and it modified that arrearage judgment and entered a new judgment to include additional arrearages in 1986. Father argued on appeal that the 1986 judgment was "the final arrearage judgment [that] was entered against [him]," and the one that triggered the running of the ten-year statute of limitations provided by Tennessee law. It is clear that enforcement of the 1986 arrearage judgment was not barred at the time of the amendment to Ark. Code Ann. § 9-14-235 on July 28, 1995.[5] Thus, it is not necessary to reach the parties' arguments about whether any later judgments, adding interest on the unpaid arreareage judgment, and attorney's fees, could be considered new judgments that would trigger a new ten-year period. Section 9-14-235 allows for enforcement and collection of the arrearage judgment in the manner provided by that statute until the judgment is fully satisfied, without regard to the

---

[4] We note that Tennessee also has a statute that provides, "Judgments for child support payments for each child subject to the order for child support pursuant to this part shall be enforceable without limitation as to time." Tenn. Code Ann. § 36-5-103(g). The statute was amended to include this language in 1997.

[5] We also note that under Arkansas law, intermediate payments on judgments "form new points for the running of the period of limitations on the judgment." *Primus Automotive Financial Services, Inc. v. Wilburn*, 2013 Ark. 258, 6-7, – S.W.3d –, 2013 WL 3105983, at *3 (Ark. June 20, 2013). Payment on a judgment will toll the statute of limitations and form a new period from which it will run. *Id.* Because the statute of limitations clearly had not run in this case, we need not consider the issue of tolling due to Father's payments.

general ten-year statute of limitation.

Because enforcement of the arrearage judgment is not barred by the Arkansas statutes of limitation, we need not consider whether enforcement would be barred under Tennessee's statutes of limitation.[6]

### V.  CONCLUSION

For the aforementioned reasons, the decision of the circuit court is hereby reversed and remanded for further proceedings consistent with this opinion.  Costs of this appeal are taxed to the appellee, Sam N. Johns, Jr., for which execution may issue if necessary.

_____
ALAN  E.  HIGHERS,  P.J.,W.S.

---

[6] We note that the FFCCSOA was effective October 20, 1994, which is likewise before the 1986 arrearage judgment expired.

-10-