JOHNNY LEE LAYTON, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 7226

June 6, 1973                          510 P.2d 864

*Lohse and Lohse,* of Reno, for Appellant.

*Robert List,* Attorney General, *Herbert F. Ahlswede,* Chief Criminal Deputy Attorney General, Carson City, and *Robert E. Rose,* District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

This appeal from a judgment of conviction and sentence is in progress[1] and the matter is now before us on appellant's motion (1) to extend the time in which he may file his opening brief, and (2) to remand the case to the district court in order that he may present a motion for new trial based on newly discovered evidence. Respondent agrees to an extention of time to file the brief, but opposes remand, arguing that appellant must divulge, in this court, all of the "new evidence" and the circumstances leading to its belated discovery, in order that this court can evaluate the merit of the motion.

It is not the function of this court to make a determination, in the first instance, of an entitlement to a new trial. The procedure is governed by NRS 176.515(3) which reads: "A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but *if an appeal is pending the court may grant the motion only on remand of the case.*" [Emphasis added.]

---

[1] In a prior appeal a judgment of conviction and sentence was affirmed. See Layton v. State, 87 Nev. 598, 491 P.2d 45 (1971). The United States District Court for the District of Nevada, in an unreported opinion, voided that conviction on constitutional grounds; the present appeal is from a subsequent judgment of conviction and sentence.

NRS 176.515(3) is a part of the Nevada Criminal Procedure Law, enacted by Stats. of Nev. 1967, ch. 523, p. 1398 et seq. The particular section is taken verbatim from Fed. R. Crim. P. 33, which became effective for the federal courts July 1, 1966. "[NRS 176.515(3)] permits a district court to entertain and *deny* a motion for a new trial based upon newly discovered evidence without the necessity of a remand. Only after the district court has heard the motion and decided to *grant* it is it necessary to request a remand from the appellate court." United States v. Frame, 454 F.2d 1136, 1138 (9th Cir. 1972), cert. den. 406 U.S. 925 (1972).

"We hold that the district court does have jurisdiction to deny a motion for new trial without leave of this court during the pendency of an appeal, and that [NRS 176.515(3)] only requires a remand to grant a motion for new trial. Thus, if the trial court says 'no' it has jurisdiction; if it wants to say 'yes,' it does not have automatic jurisdiction." United States v. Hays, 454 F.2d 274, 275 (9th Cir. 1972).

It is neither necessary nor proper to apply in the first instance to this court for leave to make the motion. A motion pursuant to NRS 176.515(3) should be made in the district court. The district court may deny the motion, and if it does so, the denial is a final and appealable order. NRS 177.015.[2] The district court has no authority to grant a new trial once the notice of appeal has been filed. It may, however, hear the motion, and certify that it is inclined to grant it. At that juncture remand would be appropriate. Cf. United States v. Lee, 428 F.2d 917 (6th Cir. 1970), cert. den. 404 U.S. 1017 (1972). Wright, Federal Practice and Procedure: Criminal § 557. Appellant's motion to remand is denied. NRS 176.515 (3). Our disposition of the case makes it unnecessary to rule on the motion to extend the time to file briefs.

In order that appellant may pursue his motion for new trial in the district court, we vacate oral argument scheduled February 14, 1974, and the briefing schedules. The appeal is held in abeyance until the termination of the further district court proceedings and the additional record is certified to this court. At that time new briefing schedules become effective and a new date for argument will be set.

It is so ORDERED.

---

[2]Under NRS 177.015 the state would also have the right to appeal from an order granting a new trial.