## KRISTIN E. HUNEYCUTT, Appellant, v. HARRY CARR HUNEYCUTT, Respondent.

### No. 8858

March 2, 1978                                    575 P.2d 585

*Guild, Hagen & Clark, Ltd.,* Reno, for Appellant.

*Hoy & Miller, Chtd.,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This appeal, which is in progress, is from the portions of a divorce decree distributing property. The case is before us on appellant's motion to remand so that she may pursue motions in the district court for relief from judgment under NRCP 60(b) and for a new trial under NRCP 59(a).[1]

---

[1] At this juncture, and in the posture of this proceeding, we are not concerned with the time constraints imposed by the two rules.

In support of the motion, appellant alleges she has just discovered new evidence regarding a substantial amount of community property which existed at the time the divorce was granted, but was not included in the property distributed by the trial court. The motion to remand is denied.

NRCP 59(a) and NRCP 60(b) are patterned after the same numbered Federal Rules of Civil Procedure. Neither set of rules addresses the mechanics of pursuing such motions after an appeal is filed; and, the issue has not been before us in a civil case.

In a criminal case, where we were asked to remand because of a claim that new evidence had been discovered after the appeal had been lodged, we stated: "The district court has no authority to grant a new trial once the notice of appeal has been filed. It may, however, hear the motion, and certify that it is inclined to grant it. At that juncture remand would be appropriate." Layton v. State, 89 Nev. 252, 254, 510 P.2d 864, 865 (1973). Our decision in *Layton* relied on federal court interpretation of Fed.R.Crim.P. 33 after which our "new trial" statute (NRS 176.515(3)) was patterned. *See* the cases cited in *Layton* at 254, 510 P.2d at 865.

The federal courts have also adopted the same procedure for making such motions after an appeal is filed in civil cases. *See* Smith v. Pollin, 194 F.2d 349, 350 (D.C. Cir. 1952), where the court said:

> It is clear that the District Court could not grant a motion for a new trial in a case which is pending in this court upon appeal. Jurisdiction of the case is in this court while the appeal is pending. So the rule of law applicable to civil cases is exactly the same as the specific statement in Criminal Rule 33. That being so, we think that the procedure already established for criminal cases can be established for civil cases also.

Reported cases indicate that six (6) other federal circuits and at least two (2) states (Hawaii and Alaska) have adopted the *Smith* procedure for civil cases.[2] This procedure has been characterized as "sound in theory and preferable in practice." 11 Wright & Miller, Federal Practice and Procedure, Civ. § 2873 (1973). "We agree with the view . . . that the described procedure 'is proper and calculated to be most economical of the effort of courts and parties.' " Life of the Land v. Ariyoshi, 553 P.2d 464, 466 (Hawaii 1976). Therefore, it is unnecessary and improper for appellant to apply to this court for remand.

[2]Ryan v. United States Lines Company, 303 F.2d 430 (2nd Cir. 1962); Ferrell v. Trailmobile, Inc., 223 F.2d 697 (5th Cir. 1955); Herring v. Kennedy-Herring Hardware Company, 261 F.2d 202 (6th Cir. 1958); Binks Mfg. Co. v.

Her motions should be filed and heard in the district court. If that court is inclined to grant relief, then it should so certify to this court and, at that juncture, a request for remand would be appropriate.

Appellant's motion to remand is denied.

Ransburg Electro-Coating Corp., 281 F.2d 252 (7th Cir. 1960); Greear v. Greear, 288 F.2d 466 (9th Cir. 1961); Aune v. Reynders, 344 F.2d 835 (10th Cir. 1965); Duriron Company v. Bakke, 431 P.2d 499 (Alaska 1967); Life of the Land v. Ariyoshi, 553 P.2d 464 (Hawaii 1976).