Wolfe v. Wolfe

SHARON LYNN WOLFE v. RONALD CHARLES WOLFE

No. 8320DC601

(Filed 17 April 1984)

1. **Contempt of Court § 6; Divorce and Alimony § 25.13— child custody order on appeal—ex parte order to show cause**

The trial court had authority to issue an *ex parte* order requiring plaintiff to relinquish custody of her two minor children to defendant and to appear and show cause why she should not be held in contempt for violating a valid custody order even though the last custody order was on appeal at the time the *ex parte* order was entered. G.S. 50-13.3.

2. **Contempt of Court § 6— child custody—ex parte order to show cause—no entitlement to notice and opportunity to be heard**

Plaintiff was not entitled to notice and an opportunity to be heard prior to the court's issuance of an *ex parte* order requiring plaintiff to relinquish custody of her two minor children to defendant and to appear and show cause why she should not be held in contempt of court for violating a valid child custody order.

3. **Appeal and Error § 6.2— show cause order—no right of appeal**

An *ex parte* order requiring plaintiff to appear and show cause why she should not be held in contempt for violating a valid child custody order was interlocutory and not directly appealable.

APPEAL by plaintiff from *Huffman, Judge.* Order entered 27 January 1983 in District Court, RICHMOND County. Heard in the Court of Appeals 5 April 1984.

*Henry T. Drake for plaintiff appellant.*

*Leath, Bynum, Kitchin & Neal by Henry L. Kitchin and Timothy C. Barber for defendant appellee.*

BRASWELL, Judge.

The present controversy stems from the issuance of an *ex parte* order by the trial judge ordering the plaintiff to relinquish custody of her two minor children to the defendant and to appear and show cause why she should not be held in contempt of court for violating a valid custody order. The defendant was awarded custody of these children in three previous orders. The last order granted in May of 1982 was on appeal to this Court at the time the *ex parte* order was issued. Subsequently, the defendant's

award of custody was upheld. *Wolfe v. Wolfe,* 64 N.C. App. 249, 307 S.E. 2d 400 (1983).

[1]　The plaintiff asserts that to issue an *ex parte* order enforcing the previous custody award is error while the action is on appeal. We disagree. Yet, even though the May 1982 custody action had been appealed, an earlier enforceable custody award in favor of the defendant was in effect. G.S. 50-13.3 provides that "an order pertaining to child custody which has been appealed to the appellate division is enforceable in the trial court by proceedings for civil contempt during the pendency of the appeal." Thus, the trial court had the power to issue the *ex parte* show cause order. Also, because the defendant had made a showing that the plaintiff was in violation of the order and wrongfully had custody of the children the trial court could enforce the terms of the custody order by ordering the children's return to the defendant.

[2]　The plaintiff also contends that because she was given no notice and no opportunity to be heard before the *ex parte* order was issued that her due process rights under the Fourteenth Amendment have been violated. Again, we disagree. An "order to show cause is one that is made *ex parte,*" meaning that it is granted at the instance and for the benefit of one party only and without notice to the adversely affected party. 56 Am. Jur. 2d, *Motions, Rules, and Orders* §§ 33-34 (1971). As demonstrated in the present case by the return of the children, a show cause order can also grant specific relief which has been requested by the movant. *Id.* Once the order to show cause is made, notice is then served on the other party and the matter is later heard like other motions. 60 C.J.S., *Motions and Orders* § 20 (1969). In the present case, the *ex parte* order was signed on 20 December 1982, and the plaintiff was served with notice of it prior to 22 December 1982. The show cause hearing wherein all of the issues raised by the defendant's motion would be considered was set for 17 January 1983, sufficient time and opportunity for the plaintiff to prepare her contempt defense. We hold by the very nature of an *ex parte* order the plaintiff was not entitled to notice or an opportunity to be heard prior to the show cause hearing.

[3]　Finally and most importantly, since an *ex parte* is not a final order, it is interlocutory and is not directly appealable. *See* 56 Am. Jur. 2d, *supra,* at § 45; *see generally Love v. Moore,* 305 N.C.

575, 580, 291 S.E. 2d 141, 144, *rehearing denied,* 306 N.C. 393 (1982). From a review of the record before this Court, it is evident that the plaintiff's appeal is taken from the issuance of the *ex parte* order alone. The record fails to show whether the children were placed back in the defendant's custody, whether the 17 January 1983 show cause hearing took place, or whether the plaintiff was later found in contempt for violating the prior custody order. We hold that since there has been no showing that a final disposition of this case has occurred, the plaintiff's appeal must be dismissed. We therefore decline to consider the plaintiff's remaining assignments of error.

Dismissed.

Judges ARNOLD and WELLS concur.