*670 OPINION

Per Curiam:

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count of burglary, one count of obtaining and using personal identification information of another, one count of fraudulent use of a credit or debit card, and eight counts of possession of a credit card without the cardholder’s consent. The district court entered the written judgment of conviction on March 2, 2004. Appellant filed the notice of appeal on March 29, 2004.
On May 5, 2004, appellant filed a motion for a new trial in the district court based on newly discovered evidence. The district court entered a written order granting the motion on July 27, 2004. The State did not appeal from the district court’s order.
Appellant filed a motion requesting this court to remand this appeal on September 7, 2004. In the motion, appellant argues that the instant appeal is now moot in light of the district court’s order. On September 7, 2004, the State filed an opposition to appellant’s motion. Appellant then filed a motion for leave to file a reply to the State’s response on September 10, 2004. Cause appearing, we grant that motion and direct the clerk of this court to file the reply provisionally submitted on September 10, 2004.
The State contends that this appeal should not be remanded and that the district court’s order should be deemed a nullity. Specifically, the State argues that the district court lacked jurisdiction to grant a motion for a new trial after the notice of appeal had been filed. The State relies on this court’s decision in Layton v. State.[1]
In Layton, this court held that “[t]he district court has no authority to grant a new trial once the notice of appeal has been filed.”[2] At the time Layton was decided in 1973, NRS 176.515(3) provided: “A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case.” (Emphasis added.)
However, in 1983, NRS 176.515(3) was amended and the emphasized language was removed.[3] The statute now provides that “[a] motion for a new trial based on the ground of newly discovered evidence may be made only within 2 years after the verdict or' *671 finding of guilt.’ ’[4] Based on the plain language of the statute as it presently reads, we conclude that it is no longer necessary for this court to remand an appeal in order for the district court to grant a post-judgment motion for a new trial based on newly discovered evidence.[5]
We conclude that the district court’s order granting the motion in this case was a final, independently appealable order.[6] As previously noted, the State did not appeal from the district court’s order granting appellant’s motion for a new trial. Therefore, we agree with appellant that this appeal is now moot. Accordingly, we grant appellant’s motion, and we remand this appeal to the district court for further proceedings.[7]

 89 Nev. 252, 510 P.2d 864 (1973).

Id. at 254, 510 P.2d at 865.

 1983 Nev. Stat., ch. 571, § 2, at 1671.

Id.

We note that, pursuant to NRAP 4(b)(1), “[a] motion for a new trial based on . . . newly discovered evidence will . . . extend the time for appeal from a judgment of conviction if the motion is made before or within thirty (30) days after entry of the judgment.” In the instant case, the motion did not extend the appeal period because it was not filed within 30 days after the entry of the judgment of conviction.

See NRS 177.015(l)(b).

This decision constitutes this court’s final decision in this appeal. Any future appeal following the new trial below shall be docketed in this court as a separate proceeding.