COLLEEN MACK-MANLEY, APPELLANT, *v.*
EDWARD T. MANLEY, RESPONDENT.

No. 39160

COLLEEN MACK, APPELLANT, *v.*
EDWARD T. MANLEY, RESPONDENT.

No. 42003

July 20, 2006                                                138 P.3d 525

[Rehearing denied September 26, 2006]

[En banc reconsideration denied November 1, 2006]

*James S. Kent*, Henderson, for Appellant.

*Kirby R. Wells & Associates* and *Kirby R. Wells*, Las Vegas; *The Herr Law Group* and *Allison L. Herr*, Las Vegas, for Respondent.

---

reducing the term of imprisonment and cause the modified sentence to be executed'').

Before MAUPIN, GIBBONS and HARDESTY, JJ.

## OPINION

*Per Curiam:*

In these consolidated appeals, we decide whether a district court retains jurisdiction, after an appeal has been perfected, to entertain a motion to modify a child custody arrangement when the custody issue is before this court on appeal. As a properly filed notice of appeal vests jurisdiction in this court, the district court is divested of jurisdiction to consider any issues that are pending before this court on appeal. Consequently, when a custody issue is before this court on appeal, the proper procedure for parties to follow in returning jurisdiction to the district court to consider a post-decree motion to modify a child custody arrangement is for a remand under *Huneycutt v. Huneycutt.*[1] Here, the district court erroneously concluded that it had retained jurisdiction over any child custody dispute between the parties, pending the resolution of the appeal. While it was improper for the district court to rule on respondent's post-decree motion to modify custody, since the court was inclined to grant respondent's motion to modify custody, and in the interest of judicial economy, we have considered the post-decree order and affirm it, including the contempt finding and the attorney fees award.

### FACTS AND PROCEDURAL HISTORY

Appellant Colleen Mack-Manley and respondent Edward Terry Manley (Terry) were married in 1995 and have two minor children. During the parties' brief marriage, they experienced a number of domestic conflicts, and on one occasion, Terry pleaded guilty to a

---

[1]94 Nev. 79, 575 P.2d 585 (1978).

charge of battery on Colleen. Ultimately, the parties separated, and in 1999, Colleen filed a complaint for divorce. Pending the divorce decree's entry, the district court entered a temporary custody order under which the parties shared joint legal custody of the children, with Colleen having primary physical custody and Terry having visitation.

During the parties' separation before the divorce, Colleen denied Terry visitation several times and alleged that Terry abused or neglected the children on at least two occasions. The district court, the Las Vegas Metropolitan Police Department and Child Protective Services (CPS) could not substantiate Colleen's child abuse or neglect allegations.

In determining the permanent child custody arrangement, the district court heard testimony from twelve witnesses over a four-day period. Also, the court appointed a psychologist to conduct a child custody evaluation. Following the evaluation, the psychologist submitted a report to the district court, recommending that the court grant Terry sole legal and physical custody. The district court also considered Colleen's allegations of domestic violence by Terry against her. The court found that Colleen had proved by clear and convincing evidence that Terry had engaged in at least one act of domestic violence against her. The court concluded, however, that based on the totality of the evidence, Terry rebutted the presumption that joint custody was not in the children's best interests. Specifically, the court found that Terry did not have a history of domestic violence and that the children's best interests were not served by ignoring Colleen's unsubstantiated child abuse and neglect allegations. Additionally, under Colleen's care, documentation established that the eldest child had been absent from school on 25 occasions and late for classes 43 times.

Based on the evidence presented, and because Colleen had not made allegations of abuse and neglect by Terry since before the trial, the district court concluded that it was not in the children's best interests for either party to have sole legal custody. Thus, under the divorce decree, the district court awarded the parties joint legal custody, with Terry having primary physical custody subject to Colleen's liberal visitation. The divorce decree further admonished the parties that ''[n]either party shall do anything which may estrange the children from the other parent or impair the natural development of the children's love and respect for the other parent.'' Colleen timely appealed from the divorce decree, and that appeal was docketed as No. 39160.

After the divorce decree was entered, and while the appeal was pending, Colleen took one of the children to the emergency room because of a bruised knee, and she advanced allegations of abuse and neglect by Terry. CPS was contacted, and the allegations were the subject of a juvenile proceeding. The children were taken away

from Terry for two days. Ultimately, after the allegations were investigated, the case was dismissed without a finding of abuse.

Thereafter, Terry moved the district court to hold Colleen in contempt for noncompliance with the decree's custody arrangement. Terry also moved the court for sole legal and physical custody of the children and to restrict Colleen's visitation, on the basis that Colleen continued to advance false child abuse and neglect allegations. Terry asked the district court to prevent Colleen from any further contact with the police or CPS regarding the children. Colleen opposed Terry's motion and filed a countermotion for custody. Both parties requested attorney fees.

During the period between entry of the divorce decree and the filing of Terry's motion for contempt and to modify the custody arrangement, Colleen hired a private investigator, Kristine Stephens, who interviewed, photographed, and videotaped the children over the 14-month period. Also, after Terry filed his motion for contempt and to change custody, Colleen reported yet another allegation of abuse against Terry, which was the subject of a hearing before a juvenile master. The master returned the children to Terry and deferred to the district court's pending custody proceedings.

Subsequently, a hearing was conducted in the district court on Terry's motion and Colleen's countermotion. The district court refused to enter an order that prohibited Colleen from going to the police or CPS but stated that Colleen could do so ''at her own peril.'' The court further concluded that the issues raised by Terry merited a full evidentiary hearing. At the evidentiary hearing, the court heard testimony from ten witnesses and determined that Colleen, in bad faith, had advanced child abuse allegations a number of times following the parties' divorce in violation of the ''anti-alienation'' provision in the divorce decree. Based on that testimony, the court held Colleen in contempt and sentenced her to three days incarceration, but stayed the sentence and invited her to move to expunge her contempt after a period of compliance with the child custody orders. Additionally, the district court found that Colleen violated EDCR 5.12 by having the private investigator interview the children. The district court granted Terry's motion for sole legal and physical custody and awarded him attorney fees. Colleen appeals from the post-decree order; this appeal has been docketed as No. 42003.

## DISCUSSION

### Jurisdiction

During the pendency of Colleen's appeal from the divorce decree, the district court entered a post-decree order modifying the

custody arrangement. Under NRS 125.510(1)(b), the district court may "[a]t any time modify or vacate its order" regarding a minor child's custody. This court has not addressed whether this statute confers continuous jurisdiction on the district court even when an appeal is pending.

This court has consistently explained that "a timely notice of appeal divests the district court of jurisdiction to act and vests jurisdiction in this court"[2] and that the point at which jurisdiction is transferred from the district court to this court must be clearly defined.[3] Although, when an appeal is perfected, the district court is divested of jurisdiction to revisit issues that are pending before this court, the district court retains jurisdiction to enter orders on matters that are collateral to and independent from the appealed order, *i.e.*, matters that in no way affect the appeal's merits.[4]

Applying these basic jurisdiction premises to the child custody context, the district court has no authority to rule on a post-judgment motion to modify a child custody arrangement while an appeal is pending and the custody issue is squarely before this court. Consequently, even though NRS 125.510(1)(b) purportedly authorizes the district court to change a child custody arrangement "at any time," the district court may only modify child custody when it has jurisdiction to do so—*i.e.*, when no perfected appeal pertaining to the child custody arrangement is pending.

The proper procedure to be followed when a party seeks to change a child custody order during an appeal challenging the child custody arrangement is a remand under *Huneycutt v. Huneycutt*.[5] Under the *Huneycutt* procedure, a district court may hear a motion, in the first instance, to modify custody while an appeal is pending. If the district court is inclined to grant the motion, then it may certify its inclination to this court. At that point, the moving party

---

[2]*Rust v. Clark Cty. School District*, 103 Nev. 686, 688, 747 P.2d 1380, 1382 (1987); *see also Smith v. Emery*, 109 Nev. 737, 740, 856 P.2d 1386, 1388 (1993); *Huneycutt*, 94 Nev. at 80, 575 P.2d at 585.

[3]*Rust*, 103 Nev. at 688-89, 747 P.2d at 1382.

[4]*Kantor v. Kantor*, 116 Nev. 886, 895, 8 P.3d 825, 830 (2000) (citing *Bongiovi v. Bongiovi*, 94 Nev. 321, 579 P.2d 1246 (1978)).

[5]94 Nev. 79, 575 P.2d 585. Other courts have reached similar conclusions in child custody matters. *See, e.g.*, *Daniel v. Daniel*, 42 P.3d 863, 867 n.6 (Okla. 2001) (recognizing that an appeal does not divest the lower court from making a provisional or temporary custody order during the appeal's pendency); *Decker v. Decker*, 440 S.E.2d 411, 412 (Va. Ct. App. 1994) (noting that "while the trial court may enforce a support and custody order, it may not modify such order without leave of court").

would file a motion in this court for remand to the district court. This court could then, in its discretion, remand the matter to the district court for a determination on the motion to modify custody. If the only issue on appeal concerned child custody and this court granted the motion for remand, then the appeal would be dismissed. If, however, the appeal raised additional issues other than child custody, this court could order a limited remand and direct the district court to enter an order resolving the motion to modify within a specific time period and to transmit the order to this court. On remand, once the district court entered its order concerning custody, any aggrieved party could appeal from the order by filing a timely notice of appeal.[6]

Although the district court lacks jurisdiction to revisit a child custody order that is on appeal, the district court's jurisdiction to make short-term, temporary adjustments to the parties' custody arrangement, on an emergency basis to protect and safeguard a child's welfare and security,[7] is not impinged when an appeal is pending. If the district court's emergency order will necessitate a longer-term custody change or will implicate the custody issues on appeal, then the party seeking the change must immediately move for a remand from this court and attach to that motion the district court's emergency order.

In the present case, the district court concluded that under NRS 125.510(1)(b), it had the authority to entertain Terry's motion to modify the child custody arrangement while the appeal was pending. As the issues raised by Colleen on appeal from the divorce decree concerned child custody, the district court did not have jurisdiction to enter a post-decree order changing the custody arrangement.

Although the district court lacked jurisdiction to modify the custody arrangement under the divorce decree, because it was inclined to grant Terry's motion to modify custody, and in the interest of judicial economy, we have considered the post-decree order in Docket No. 42003.[8] Since the post-decree order modified

---

[6]*See* NRAP 3A(b)(2) (permitting an appeal from an order finally establishing or altering child custody); *Burton v. Burton*, 99 Nev. 698, 669 P.2d 703 (1983) (recognizing that an order denying a motion to modify a family court order, where the motion is based on changed factual or legal circumstances, is appealable as a special order after final judgment).

[7]*See Koffley v. Koffley*, 866 A.2d 161, 166-67 (Md. Ct. Spec. App. 2005).

[8]*See Smith*, 109 Nev. 737, 856 P.2d 1386.

the custody arrangement under the divorce decree, we do not need to consider the initial custody arrangement in Docket No. 39160, and we dismiss that appeal as moot.[9]

## Custody modification

The district court enjoys broad discretionary powers in determining child custody issues, and this court will not disturb the district court's judgment absent a clear abuse of discretion.[10] When a party moves the district court to modify primary physical custody, the district court applies the two-part *Murphy v. Murphy*[11] test to determine whether to grant the modification motion. Under the *Murphy* test, the court must consider whether the parents' circumstances have been materially altered since the last custody order and whether the child's welfare would be substantially enhanced by the change.[12]

---

[9]In the divorce decree, the district court based its child custody award on evidence of the parties' interactions. The district court made the following specific findings of fact: (1) Colleen shared negative beliefs about Terry with the children, (2) Colleen interfered with Terry's ordered visitation and undermined his custody rights by making unsubstantiated abuse and neglect allegations against him, and (3) strong evidence suggested that Colleen was attempting to remove Terry from the children's lives. Nevertheless, the court concluded that since Colleen had not made allegations of abuse or neglect by Terry since before the divorce trial, joint legal custody, and Terry's primary physical custody with Colleen having liberal visitation, was in the children's best interests. *Cf. Hopper v. Hopper*, 113 Nev. 1138, 1143-44, 946 P.2d 171, 174-75 (1997) (providing that a party seeking to change custody must establish that circumstances have substantially changed since the most recent custodial order, and that any events that took place before the prior proceedings cannot be used to show changed circumstances). Although we will not substantively review the decree's child custody arrangement because of mootness, we note, in passing, that a district court, faced with evidence that one parent is attempting to disrupt the other parent's relationship with the children, is well within its discretion to award primary physical custody to the other parent.

Also on appeal from the divorce decree, Colleen argues that the district court abused its discretion by not compelling Terry to prepare and turn over certain tax returns for the purpose of the division of community property and debt. Yet, in her opening brief, Colleen states that she does not challenge the district court's division of community property and debt, but rather is challenging the fact that the court declined her request for pretrial discovery. Since Colleen does not challenge the ultimate distribution of community property and debt, we do not reach her argument concerning pretrial discovery. *See Cottonwood Cove Corp. v. Bates*, 86 Nev. 751, 476 P.2d 171 (1970) (holding that a party is not aggrieved by a district court ruling in that party's favor).

[10]*See Sims v. Sims*, 109 Nev. 1146, 865 P.2d 328 (1993); *see also* NRS 125.480(1) (providing that the sole consideration in awarding custody of a child is the best interest of the child).

[11]84 Nev. 710, 447 P.2d 664 (1968).

[12]*Id.* at 711, 447 P.2d at 665.

Here, Terry moved the district court to modify the custody arrangement and to restrict Colleen's visitation on the basis that Colleen resumed advancing false child abuse and neglect allegations. Following an evidentiary hearing, the district court concluded that the weight of the evidence supported awarding Terry sole legal custody, subject to Colleen's limited visitation. Specifically, the court found that since the divorce decree was entered, Colleen had recommenced advancing allegations of physical and emotional abuse by Terry, and on three occasions, Colleen took one of the children to the hospital emergency room.[13] The court also found that it was in the children's best interests for the court to modify Colleen's legal custody rights and to continue to limit her visitation. The district court did not abuse its discretion when it applied the *Murphy* factors and modified the child custody arrangement, and thus, we affirm.

## Contempt

Although the district court lacked jurisdiction to alter the custody arrangement, it did have jurisdiction to consider the portion of Terry's motion concerning contempt; because the district court has the power to enforce custody provisions pending appeal, that issue is collateral to the issues before this court on appeal from the divorce decree.[14] Colleen contends that the district court abused its discretion by holding her in contempt.[15] We disagree. "An order on which a judgment of contempt is based must be clear and unambiguous, and must spell out the details of compliance in clear, specific and unambiguous terms so that the person will readily know exactly what duties or obligations are imposed on him."[16] In its initial custody order, the district court stated: "Neither party shall do anything which may estrange the children from the other parent or impair the natural development of the children's love and respect

[13]*Cf. Hopper v. Hopper*, 113 Nev. 1138, 1143, 946 P.2d 171, 174-75 (1997) (recognizing that conduct that preceded the prior custody determination cannot be admitted to show a change in circumstances).

[14]*Most v. Most*, 477 A.2d 250, 263 (Me. 1984) (recognizing that a lower court may enforce custody provisions pending appeal); *Wolfe v. Wolfe*, 314 S.E.2d 132, 133 (N.C. Ct. App. 1984) (providing that a trial court has contempt power while an appeal is pending).

[15]While a contempt order is not independently appealable, *see Pengilly v. Rancho Santa Fe Homeowners*, 116 Nev. 646, 5 P.3d 569 (2000), it may be challenged in the context of an otherwise substantively proper appeal. *See Consolidated Generator v. Cummins Engine*, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998).

[16]*Cunningham v. District Court*, 102 Nev. 551, 559-60, 729 P.2d 1328, 1333-34 (1986).

for the other parent." In holding Colleen in contempt, the district court found that Colleen had advanced, in bad faith, allegations that Terry had abused or neglected the children. This finding was supported by substantial evidence, including the fact that neither CPS nor the Las Vegas Metropolitan Police were able to substantiate her allegations. Thus, we conclude that the district court did not abuse its discretion when it found Colleen in contempt.

## Eighth District Court Rule 5.12

Eighth District Court Rule (EDCR) 5.12(a) provides that a party may not have a "therapist, counselor, psychologist or similar professional" examine a child for the purpose of obtaining an expert opinion for trial or hearing except upon court order. Colleen argues that she did not violate EDCR 5.12 by hiring Ms. Stephens to interview the children because Ms. Stephens is a private investigator and not "a therapist, counselor, psychologist or similar professional."[17] However, when an investigator interviews a child, the investigator's role is sufficiently similar to that of a therapist or psychologist to fall within the purview of EDCR 5.12. Thus, under EDCR 5.12, an investigator may investigate child custody cases without a court order but must obtain court approval to interview the child.

Colleen also argues that she hired Ms. Stephens to investigate her allegations of abuse, not for the purpose of obtaining an expert opinion. However, Ms. Stephens' business card states that she is a "court expert in child abuse and sex crimes investigations." Additionally, Ms. Stephens testified at the evidentiary hearing on Terry's motion to modify that she is referred to as a "court certified expert in child abuse and sex-related crimes" and that Colleen hired her to determine if Terry was abusing the children. And, although Colleen asserts that when Ms. Stephens interviewed the children, no action was pending before the court, Ms. Stephens' actions occurred during the pendency of the first appeal in this case. In addition, Colleen used Ms. Stephens' report in the child custody modification proceedings. Thus, we cannot conclude that the district court erred in ruling that Ms. Stephens' interviews, at Colleen's behest, violated EDCR 5.12.

## Attorney fees

The district court ordered Colleen to pay Terry's attorney fees. The district court may award attorney fees in a post-divorce action

---

[17]EDCR 5.12(a).

as part of its continuing jurisdiction.[18] Moreover, under NRS 18.010(2)(b), a court may award attorney fees to the prevailing party if the court finds that the opposing party's claim was brought or maintained without reasonable grounds. This court reviews a district court's award of attorney fees for an abuse of discretion.[19] In this case, the district court concluded that Colleen brought her claims without reasonable grounds, and the record supports the district court's attorney fees award. We therefore conclude that the district court did not abuse its discretion in awarding fees.

## CONCLUSION

A district court lacks jurisdiction to modify a child custody award while a perfected appeal is pending and the custody issue is before this court on appeal. If a change of custody is required during an appeal, it must be accomplished through a *Huneycutt* remand. In the interest of judicial economy, however, we have considered the post-decree order modifying the custody arrangement in this matter, and we affirm that order. In addition, we conclude that the district court did not abuse its discretion when it found Colleen in contempt and ordered her to pay attorney fees.

---

[18]*Halbrook v. Halbrook*, 114 Nev. 1455, 971 P.2d 1262 (1998) (recognizing that a district court has the authority to award attorney fees in post-divorce proceedings involving child custody); *see also* NRS 125.150(3) (providing that the district court may award attorney fees in a divorce proceeding when fees are in issue in the pleadings).

[19]*Love v. Love*, 114 Nev. 572, 581-82, 959 P.2d 523, 529 (1998).