An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

## IN THE SUPREME COURT OF THE STATE OF NEVADA

SAMANTHA ARREGUINI,
Appellant,
vs.
JEROD ARREGUINI,
Respondent.

No. 59307

**FILED**

MAY 16 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY  
DEPUTY CLERK

### *ORDER VACATING IN PART AND AFFIRMING IN PART*

This is a fast track child custody appeal from a district court order denying appellant's request for primary physical custody of the parties' three minor children. Second Judicial District Court, Family Court Division, Washoe County; Chuck Weller, Judge.

In 2007, the district court entered a divorce decree awarding respondent primary physical custody of the parties' three minor children, subject to appellant's visitation rights. In 2010, appellant filed a motion for primary physical custody of the parties' children based on allegations that respondent had been abusing the children. The district court granted appellant temporary sole physical custody pending investigation of the alleged abuse. After the investigation, the district court conducted an evidentiary hearing and determined that the abuse allegations were unsubstantiated. The district court denied appellant's request for primary physical custody, restored respondent's primary physical custody rights, and directed reunification of the children with respondent. Appellant filed the instant appeal from that order.

While this appeal was pending, respondent filed a motion in the district court contending that reunification efforts had stalled and

13-14476

requesting immediate primary physical custody of the two oldest children. After conducting a hearing, the district court entered an order on November 8, 2012, awarding appellant sole legal and physical custody of the two oldest children and concluding that reunification efforts were no longer in the children's best interests. The district court transmitted that order to this court, and it was filed in this appeal.

*Jurisdiction to modify custody while appeal pending*

Because it appeared that the district court lacked jurisdiction to modify custody while this appeal was pending, we directed appellant to show cause why this portion of the appeal should not be remanded under *Huneycutt v. Huneycutt*, 94 Nev. 79, 575 P.2d 585 (1978), and ultimately dismissed as moot. Having considered appellant's response, as well as the procedural posture of this case, we conclude that the district court lacked jurisdiction to grant appellant sole legal and physical custody of the two oldest children in the November 8, 2012, order.

During the pendency of an appeal, the district court is without jurisdiction to revisit issues that are before this court. *Mack-Manley v. Manley*, 122 Nev. 849, 855, 138 P.3d 525, 529-30 (2006). This court has set forth a procedure for a limited remand when a party seeks to modify custody issues that are pending on appeal. *See Huneycutt*, 94 Nev. 79, 575 P.2d 585, and *Foster v. Dingwall*, 126 Nev. ___, 228 P.3d 453 (2010). Appellant, who was represented by counsel at the time, elected not to follow that procedure and sought a custody modification from the district court without a limited remand. We certainly recognize that reunification can be challenging and that the district court may make temporary adjustments to custody on an emergency basis to protect the children's welfare. *Id.* at 856, 138 P.3d at 530. But here, the district court's award

of sole custody to appellant was more permanent in nature, and thus, we conclude that the district court lacked jurisdiction to enter that order while this appeal was pending. Accordingly, the November 8, 2012, order is void and ineffective to the extent that it actually changes the custody arrangement, and we vacate that order. We express no opinion as to the merits of that order, and the district court may reenter it once jurisdiction is transferred back to that court.[1]

*Custody arrangement as to youngest child*

The district court's November 8, 2012, order did not indicate any intent to alter the parties' joint custody of the youngest child. Therefore, we will review this appeal as to that child. On appeal, appellant contends that the district court improperly applied a higher, beyond a reasonable doubt, standard, rather than the preponderance of the evidence standard applicable to custody modifications, when determining whether respondent had physically abused the youngest child. Appellant argues that there was substantial evidence to support the allegations of respondent's abuse. Appellant also contends that the district court expressed bias against her at trial by making objections on

---

[1]In response to our order to show cause, appellant contends that this appeal is not moot because the custody change was based on reunification difficulties, and the district court did not reverse its finding that respondent's alleged abuse was unsubstantiated. We disagree. The issue before the district court was one of child custody. Once the district court reenters an order granting appellant sole legal and physical custody of the two oldest children, appellant is no longer aggrieved as to them, and there is no reason for this court to reach the factual issue concerning abuse. If, however, the district court changes its ruling on remand, appellant may appeal from that determination if aggrieved. *See Valley Bank of Nevada v. Ginsburg*, 110 Nev. 440, 874 P.2d 729 (1994).

behalf of respondent, who was representing himself, and reprimanding appellant's counsel for asking leading questions.

A court may modify primary physical custody when there has been a substantial change in circumstances affecting the child's welfare, and the child's best interest is served by the modification. *Ellis v. Carucci*, 123 Nev. 145, 150-51, 161 P.3d 239, 242-43 (2007). Generally, in establishing the child's best interest, the court applies a preponderance of the evidence standard. *See Mack v. Ashlock*, 112 Nev. 1062, 1066, 921 P.2d 1258, 1261 (1996); *but see* NRS 125C.230(1) (providing that clear and convincing evidence of domestic violence creates a rebuttable presumption that custody with the perpetrator is not in the child's best interest). Child custody matters rest in the district court's sound discretion. *Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996); *Sims v. Sims*, 109 Nev. 1146, 1148, 865 P.2d 328, 330 (1993). The district court's factual determinations must be supported by substantial evidence. *Rico v. Rodriguez*, 121 Nev. 695, 701, 120 P.3d 812, 816 (2005).

Here, the district court determined that the child abuse allegations against respondent were unsubstantiated by social services and that the district attorney's office declined to bring criminal charges against respondent. The court considered conflicting testimony from professional therapists and determined that appellant did not show by a preponderance of the evidence that respondent had abused the children or that it was in the youngest child's best interest to grant appellant primary physical custody. It is the duty of the trier of fact, not an appellate court, to weigh the credibility of witnesses. *Castle v. Simmons*, 120 Nev. 98, 103, 86 P.3d 1042, 1046 (2004). Having reviewed the record, we conclude that the district court was fair and unbiased at trial and applied the correct

evidentiary standard. We further conclude that the district court's findings are supported by substantial evidence and that the district court did not abuse its discretion in its custody determination. *See Rico*, 121 Nev. at 701, 120 P.3d at 816; *Wallace*, 112 Nev. at 1019, 922 P.2d at 543. Accordingly, we affirm the district court's custody determination as to the youngest child. This is our final decision in this appeal. Any further appeal in this matter shall be assigned a new docket number.

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:  Hon. Chuck Weller, District Judge, Family Court Division
     Samantha Arreguini
     Jerod Arreguini
     Washoe District Court Clerk