# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE STEFANY MILEY, DISTRICT JUDGE,<br>Respondents,<br>and<br>AMERICAN BROADCASTING COMPANIES, INC.; THE ASSOCIATED PRESS; CABLE NEWS NETWORK, INC.; CHESAPEAKE MEDIA I, LLC, D/B/A KSNV-TV; LOS ANGELES TIMES COMMUNICATIONS, LLC; THE NEW YORK TIMES COMPANY; SCRIPPS BROADCASTING HOLDINGS LLC, D/B/A KTNV-TV; WP COMPANY LLC, D/B/A THE WASHINGTON POST; AND LAS VEGAS REVIEW-JOURNAL,<br>Real Parties in Interest. | No. 76023<br><br>**FILED**<br><br>NOV 2 8 2018<br><br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |

## *ORDER GRANTING WRIT PETITION IN PART AND DENYING IN PART*

This original writ petition challenges a district court order requiring compliance with earlier district court orders mandating disclosures under the Nevada Public Records Act.

Real parties in interest American Broadcasting Companies, Inc.; the Associated Press, Cable News Network, Inc.; Chesapeake Media I, LLC, d/b/a KSNV-TV, Los Angeles Times Communications, LLC; The New

SUPREME COURT
OF
NEVADA

(O) 1947A

York Times Company; WP Company LLC d/b/a The Washington Post; and the Las Vegas Review Journal (the Review Journal)[1] filed amended public records act applications and petitions for a writ of mandamus, pursuant to Nevada's Public Records Act (NPRA), seeking certain records from the Las Vegas Metropolitan Police Department (Metro) concerning the Harvest Festival shooting on October 1, 2017 (Harvest Festival Shooting).[2] Real parties in interest sought information including, but not limited to, bodycam video footage, audio recordings of 911 calls, evidence logs, hotel surveillance video, interview reports, purchase orders for emergency purchases, and emergency no-bid contracts, and any other images and footage related to the Harvest Festival shooting.

Metro challenged the applications and petitions, and after motion practice and hearings on the issues of disclosure and the fees Metro could charge in responding to a public records request, the district court entered two orders: (1) an order granting the amended public records act application and writ of mandamus (the Disclosure Order), and (2) an order on the issue of the copying and document preparation fees to which Metro was entitled (the Cost Order).

The Disclosure Order, entered by the Honorable Judge Richard Scotti, ordered that (1) "Metro shall immediately begin producing public records responsive to the public records request at issue"; (2) "Metro shall

---

[1] The remaining real parties in interest filed a joinder to the Review Journal's response to this emergency writ petition. For purposes of brevity, references to the Review Journal include the remaining real parties in interest unless otherwise stated.

[2] As the parties are familiar with the facts, we recite them only as necessary for our disposition.

 

produce the public records on a rolling basis, as public records are appropriately redacted and available for disclosure, without unnecessary delay"; (3) "Metro shall exercise the utmost good faith in producing the public records on a timely basis"; (4) "if Metro comes across any individual public record that may be highly confidential or where redactions" are not practicable, "Metro shall meet and confer with Petitioners in an attempt to resolve the issue"; (5) a status conference would be held "in 30 days to review a report, to be given by the parties, covering what has and has not been produced pursuant to this Order"; (6) at a future status conference, the parties will be given "an opportunity to explain whether there has been good faith communication regarding the production"; and (7) at that conference, "the Court shall hear any objections with respect to the delay in disclosure or the need for more time for Metro to produce."

The Cost Order, also entered by Judge Scotti, ordered in relevant part:

> The Court grants Metro the minimum period of six months to produce all of the requested documents. Metro must begin its production of records to the Media within three (3) business days from the date of this Order. Metro must make a rolling production, meaning groups of documents must be produced as they become available. Metro must provide the Media with an estimate of the allowable fees that are charged to the Media, consistent with this Order, within three (3) days from the date of this Order.

After entry of the orders, Judge Scotti disqualified himself and the matter was reassigned to Judge Stefany Miley. Subsequently, Metro filed its notice of appeal from both the Disclosure Order and Cost Order, and the Review Journal filed a notice of cross-appeal. While the direct appeal was pending, Metro filed an emergency motion for relief under

Supreme Court
OF
Nevada

(0) 1947A

3

NRAP 27(c) with this court for a stay of the district court proceedings pending this court's resolution of the direct appeal, which this court later denied. *Las Vegas Metro. Police Dep't v. Am. Broad. Co., Inc.*, Docket No. 75518 (Order Denying Motion for Stay, April 27, 2018). Based on this court's denial of Metro's motion for a stay, and due to Metro's alleged failure to comply with the Disclosure Order in good faith, the Review Journal filed a motion in the district court for an order to show cause why Metro should not be held in contempt, requesting sanctions, and requesting an emergency status check on an order shortening time.

The district court held a hearing on the competing motions, but prior to entry of the district court's written order, Metro filed the instant emergency petition for a writ of prohibition challenging the district court's pending order. This court directed the entry of a written order from the district court, stayed the case below, and ordered briefing. *Las Vegas Metro. Police Dep't v. Eighth Judicial Dist. Court*, Docket No. 76023 (Order Directing Entry of Written Order, Directing Answer, and Imposing Stay, June 11, 2018). The district court entered an order requiring Metro to produce "any existing" lists or "already-existing documentation" within its possession regarding the categories of information requested by real parties in interest. The district court order also requires Metro to provide a certification for where there are no responsive documents or information.

Metro raises the following issues in its present writ petition: (1) whether the district court was divested of jurisdiction because its written order addressing the Review Journal's motion for an order to show cause why Metro should not be held in contempt, request to issue sanctions, and request for emergency status check on an order shortening time, altered or modified the earlier Disclosure Order and Cost Order, which were on

SUPREME COURT
OF
NEVADA

(O) 1947A

4

appeal; and (2) whether, as the reassigned judge, Judge Miley was precluded from ruling on the contempt motion.

"A writ of prohibition may issue to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the jurisdiction of the district court." *Club Vista Fin. Servs. v. Eighth Judicial Dist. Court*, 128 Nev. 224, 228, 276 P.3d 246, 249 (2012); *see* NRS 34.320. Writ relief is generally not available if the petitioner has "a plain, speedy and adequate remedy in the ordinary course of law." NRS 34.330; *see Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Nevertheless, "[w]rit relief is an extraordinary remedy, and therefore, the decision to entertain a writ petition lies within [this court's] discretion." *Haley v. Eighth Judicial Dist. Court*, 128 Nev. 171, 175, 273 P.3d 855, 858 (2012). Petitioner bears the burden to demonstrate that this court's intervention by way of extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). We conclude that Metro has met its burden of demonstrating that this court should entertain its writ petition.

*The district court was partially divested of jurisdiction*

Metro argues that the district court lacked jurisdiction to enter Judge Miley's Order because it affects the Disclosure Order and Cost Order that are currently pending before this court in the direct appeal. First, Metro argues that Judge Miley's Order changes the terms of production by requiring that Metro produce additional documents, such as lists and certifications, that were never contemplated by the original Disclosure Order. Second, Metro argues that Judge Miley's Order is inconsistent with the Disclosure Order in that it changes the timeline, priority, and manner in which it must disclose the records. Lastly, Metro argues that if the district court was inclined to grant the Review Journal's motion while the

direct appeal was pending, the correct approach would have been to apply the *Huneycutt* procedure, espoused by this court in *Huneycutt v. Huneycutt*, 94 Nev. 79, 575 P.2d 585 (1978) (providing a method for parties have the district court alter orders that are pending on appeal).[3]

This court reviews the scope of the district court's jurisdiction de novo. *Argentena Consol. Mining Co. v. Jolley Urga Wirth Woodbury & Standish*, 125 Nev. 527, 531, 216 P.3d 779, 782 (2009), *superseded by statute on other grounds as stated in Fredianelli v. Fine Carman Price*, 133 Nev., Adv. Op. 102, 402 P.3d 1254, 1255-56 (2017). A timely notice of appeal generally "divests the district court of jurisdiction to act and vests jurisdiction in this court." *Mack-Manley v. Manley*, 122 Nev. 849, 855, 138 P.3d 525, 529 (2006). Nevertheless, "the district court retains jurisdiction

---

[3]Metro also argues that this court should not consider the supplemental information submitted by the Review Journal in its answering brief that was not directly before the district court in making its decision. When reviewing district court orders challenged in a writ petition, this court typically only considers what was available to the district court when rendering its decision. *See Wynn Resorts, Ltd. v. Eighth Judicial Dist. Court*, 133 Nev., Adv. Op. 52, 399 P.3d 334, 340 n.3 (2017). Nevertheless, we may also consider matters beyond what was available to the district court because writ petitions are addressed to our original jurisdiction, and thus our review is not limited to considerations applicable to appeals. *See* NRAP 21(a)(4) (providing that a petitioner's appendix to a writ may contain "any other original document that may be essential to understand the matters set forth in the petition"). Here, the supplemental information provided by the Review Journal includes: (1) Metro's fourth production of records on May 30, 2018; (2) Metro's fifth production of records on June 6, 2018; and (3) Metro's sixth production of records on June 13, 2018. This supplemental information is not directly relevant to the issues presented in Metro's present petition, and thus it is not "essential to understand the matters set forth in the petition." *See* NRAP 21(a)(4). Accordingly, we need not consider the Review Journal's supplemental information.

to enter orders on matters that are collateral to and independent from the appealed order, *i.e.*, matters that in no way affect the appeal's merits."[4] *Id.* at 855, 138 P.3d at 530.

Therefore, in determining whether the district court lacked jurisdiction to enter its order we must ascertain the scope of the appeal. As to determining the scope of the appeal, NRAP 3(c)(1)(B) states that the notice of appeal shall "designate the judgment, order or part thereof being appealed." NRAP 14 mandates that a party filing an appeal complete a docketing statement, stating that "[t]he purpose of the docketing statement is to assist the Supreme Court in . . . identifying issues on appeal," and that "[a] docketing statement shall state specifically all issues that a party in good faith reasonably believes to be the issues on appeal." NRAP 14(a)(1), (3)-(4). Nevertheless, "such statement is not binding on the court and the parties' briefs will determine the final issues on appeal."[5] NRAP 14(a)(4).

---

[4]The Review Journal argues that because this court denied Metro's motion for a stay in *Las Vegas Metropolitan Police Department v. American Broadcasting Co., Inc.*, Docket No. 75518, "it necessarily follows that the district court can and should exercise jurisdiction over" the Disclosure Order and Cost Order. The Review Journal fails to cite to any relevant authority in support of this proposition. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (holding that this court need not address issues not cogently argued or supported by relevant authority). Furthermore, the Review Journal appears to conflate the requirements for granting a stay with the jurisdictional analysis for determining when a district court has been divested of jurisdiction by a notice of appeal.

[5]The Review Journal argues that Metro's own actions have rendered its direct appeal moot because "[i]t cannot simultaneously make general productions of records available to the public at large for no charge and continue to assert on appeal" that they are not public records or that real parties in interest should ultimately absorb the cost of production. We

*Issues raised in the direct appeal*

In its opening brief in the direct appeal, Metro outlined the issues on appeal as (1) whether the district court erred by requiring BWC footage, as opposed to inspection of the footage, as NRS 289.830 requires inspection if the bodycam footage contains confidential information; (2) whether the district court erroneously interpreted NRS 239.055 to limit Metro's extraordinary use fee to fifty cents and to exclude Metro's ability to charge for electronic records; and (3) whether the district court erred by permitting respondents to pay the production costs over a six-month period rather than requiring respondents to pay the estimated fee upfront.

The Review Journal's notice of cross-appeal similarly addresses both the Disclosure Order and Cost Order, and its docketing statement[6] frames the issues as:

> (1) Whether, in granting the Review-Journal's petition in its Disclosure Order, the district court erred by not requiring Metro to provide the Review-Journal and the other media petitioners with a log documenting what records it has that are responsive to the media parties' records requests and that Metro contended should be treated as confidential. *See Reno Newspapers, Inc. v. Gibbons,* 127 Nev. 873, 883-84 266 P.3d 623, 629 (2011) (holding that "after the commencement of an NPRA lawsuit, the requesting party generally is entitled to a log unless . . . the state entity withholding the records demonstrates that the requesting party has sufficient information to meaningfully contest the claim of confidentiality without a log").

---

decline to address this argument, as it is more appropriately addressed in the direct appeal.

[6]We refer to the docketing statements as well because the briefing has not been completed in the direct appeal.

 

(2) Whether the district court erred in its Disclosure Order by finding that Metro did not waive its ability to assert confidentiality privileges apply to any of the records requested by the Review-Journal when Metro failed to respond to the Review Journal's requests in the manner prescribed by the NPRA, [NRS] 239.0107(1).

(3) Whether the permissible redactions outlined in the Disclosure Order were unclear and overbroad.

(4) Whether the district court erred in its disclosure order.

(5) Whether the district court's pronouncement in its [Cost] Order that Metro had a "minimum period of six months" to produce all the requested records conflicts with the NPRA's purpose of fostering democratic principles by providing members of the public with speedy access to inspect and copy records.

(6) Whether the district court erred by determining the permissible fees Metro may charge in producing documents responsive to the petitioners' requests without conducting an evidentiary hearing.

(7) Whether the district court erroneously found in its [Cost] Order that a dispatch log is a "geographic information service" as defined by [NRS] 239.054 and improperly allowed Metro to charge petitioners certain fees regarding dispatch logs.

(8) Whether the district court erred in its [Cost] Order.

*Judge Miley's Order*

Judge Miley's Order states that it is "intended to effectuate Judge Scotti's Disclosure Order as economically and efficiently as possible," and that "its jurisdiction is limited to enforcement of the currently operative [Disclosure and Cost] Orders, entered before Judge Scotti." Consistent with this jurisdiction, Judge Miley's Order requires Metro to produce "any

existing" lists or "already-existing documentation" regarding the following categories of information not already produced and that were within Metro's possession, custody, or control:

> a. [A]ny 911 call logs, transcripts, or audio recordings . . . including any list generated by Metro's computer-aided dispatch ("CAD") system.
>
> b. [A]ny body-worn camera footage . . . , including any list generated by Metro's CAD system.
>
> c. [A]ny closed-circuit television cameras or other security camera footage . . . Metro is to provide any existing lists within Metro's possession and control, including any existing documentation that explains any unique identifiers Metro uses to refer to specific video fees.
>
> d. [A]ny evidence logs not already produced . . . within Metro's possession, custody, or control.
>
> e. [A]ny documentation related to the dispatch logs . . . , including any list generated by Metro's CAD system.

Judge Miley's Order specifically states that it is "not order[ing] or otherwise requir[ing] Metro to create any new document, record, or other list." It further finds that "Metro's obligations are not being expanded but rather limited to Judge Scotti's [Disclosure and Cost] Orders."

Judge Miley's Order also requires Metro to "provide a certification identifying any categories of documents requested within the original public records request that are subject to production as a result of the operative orders but where no responsive document exists." It further finds that this certification is consistent with Metro's obligations under the Disclosure and Cost Orders, "as a certified response indicating the non-existence of responsive documents would itself be a sufficient response to the original public records request and consistent with the intent of the

 

operative orders." Finally, Judge Miley's Order requires Metro "to provide the records and information . . . no later than June 12, 2018," and orders supplemental briefing on "Metro's alleged failure to produce records directly to [real parties in interest], potentially differing timing and/or manners of production between [real parties in interest]and the general public, as well as any purported Constitutional violations occurring as a result of the current release procedures."

Most of the district court's order falls under its retained jurisdiction "to enter orders on matters that are collateral to and independent from the appealed order, *i.e.*, matters that in no way affect the appeal's merits." *See Manley*, 122 Nev. at 855, 138 P.3d at 529. Regarding the five categories of information that the district court identified, Metro is not required to produce any actual records in its possession, production of which would more clearly affect the issue of disclosure currently on appeal. In addition, the court did not require Metro to provide or create any information, lists, or documentation that it does not already have in its possession. Rather, the district court's order asks Metro to provide any lists or documentation regarding information in its possession that it has not produced. This is consistent with, and does not modify, either the Disclosure Order or Cost Order, which state that "Metro shall produce the records . . . as [they] are appropriately redacted and available for disclosure." It is also consistent with this court's denial of Metro's petition for an emergency stay in the direct appeal, where this court concluded that Metro failed to prove that the object of the appeal would be defeated if the stay were not granted, or that Metro would suffer irreparable or serious injury if the stay were denied. *See Las Vegas Metro. Police Dep't v. Am.*

(O) 1947A

*Broad. Co., Inc.*, Docket No. 75518 (Order Denying Motion for Stay, April 27, 2018).

Regarding the requirement that Metro "provide the records and information" outlined in Judge Miley's order "no later than June 12, 2018," the requirement "in no way affects the merits of the appeal" for a couple of reasons. First, neither party identifies one of the issues on appeal as whether the district court appropriately ordered the records to be disclosed on a rolling basis, as required by the Disclosure Order. That is, the Disclosure Order does not preclude the district court from establishing a disclosure deadline, so long as it is on a rolling basis. While the Cost Order states that Metro has a "minimum period of six months to produce all of the requested documents," Judge Miley's Order does not require Metro to produce all of the documents; it merely required Metro to disclose information that it already had. In addition, the Cost Order required that Metro begin production within three business days, and in its opposition to the Review Journal's motion for an order to show cause, request to issue sanctions, and request for emergency status check, Metro stated that it "intend[ed] to release records regarding the [Harvest Festival Shooting] once every week." As this issue "in no way affects the merits of the appeal," this falls under the category of matters that are "collateral to and independent from the appealed order[s]," such that the district court retained jurisdiction regarding the dates of Metro's disclosures. *See Manley*, 122 Nev. at 855, 138 P.3d at 529–30.

Nevertheless, two remaining issues do not clearly fall under the district court's retained jurisdiction. These include the requirements that Metro (1) disclose the evidence log and (2) provide a certification where it has no responsive documents. We address each in turn.

SUPREME COURT
OF
NEVADA

(O) 1947A

12

*The evidence log requirement*

Regarding the evidence log, the Review Journal's notice of cross-appeal broadly frames one issue as "[w]hether the district court erred in its disclosure order." *Las Vegas Metro. Police Dep't v. Am. Broad. Co., Inc., Docket No. 75518*, Docket No. 75518 (Notice of Cross-Appeal Documents, April 20, 2018). Thus, it is broad enough to encompass Metro's arguments regarding the evidence log. Furthermore, the Review Journal argues that disclosure is appropriate if Metro has a copy of the FBI evidence log in its possession, and that "to the extent Metro is now attempting to challenge the propriety of the disclosure of the evidence log on other grounds, *they are attempting to separately litigate an issue that is already the subject of Metro's appeal*." (Emphasis added). While briefing in the direct appeal has not been completed, the record demonstrates that this is an issue in the direct appeal, and thus, cannot be characterized as a "matter[] that in no way affect the [direct] appeal's merits." *Id.* at 855, 138 P.3d at 530.

*The certification requirement*

Regarding the certification requirement, the Review Journal's notice of cross-appeal in the direct appeal frames one issue as whether the district court erred by "not requiring Metro to provide the Review-Journal and the other media petitioners with a log documenting what records it has that are responsive to the media parties' records requests and that Metro contended should be treated as confidential." As indicated earlier, the Review Journal's notice of cross-appeal also broadly frames an issue as "[w]hether the district court erred in its disclosure order." As with the evidence log requirement, we conclude that the certification requirement does not fall within the district court's retained jurisdiction "to enter orders on matters that are collateral to and independent from the appealed order,"

because it affects the merits of one of the issues on the direct appeal. *See Manley*, 122 Nev. at 855, 138 P.3d at 529-30.

As the district court was divested of jurisdiction as to the evidence log and certification requirements because they affect matters that are currently on appeal, we grant Metro's petition for a writ of prohibition as to the evidence log and certification requirements, but deny it as to the remaining issues.[7] Therefore, we

---

[7]In granting this petition in part, we solely addressing those issues that do not fall within the context of the direct appeal and we do not exercise our discretion in this writ to consider those issues as they are more properly addressed in the direct appeal.

ORDER the petition GRANTED IN PART AND DENIED IN PART AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF PROHIBITION directing the district court to vacate the portions of its order regarding the evidence log and the certification requirement.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Stefany Miley, District Judge
Marquis Aurbach Coffing
McLetchie Law
Ballard Spahr LLP/Las Vegas
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A