# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE HILLYGUS
FAMILY TRUST, DATED AUGUST 17,
1993.

IN THE MATTER OF THE
GUARDIANSHIP OF THE PERSON
AND ESTATE OF SUSAN HILLYGUS,
A PROTECTED PERSON.

No. 77464 ✓

FILED

JAN 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
    DEPUTY CLERK

---

ROGER HILLYGUS,
                    Appellant,
            vs.
KAYCEE ZUSMAN; AND ROBIN
RENAE RENWICK,
                    Respondents.

IN THE MATTER OF THE HILLYGUS
FAMILY TRUST, DATED AUGUST 17,
1993.

IN THE MATTER OF THE
GUARDIANSHIP OF THE PERSON
AND ESTATE OF SUSAN HILLYGUS,
A PROTECTED PERSON.

No. 77465

---

ROGER HILLYGUS,
                    Appellant,
            vs.
KAYCEE ZUSMAN; AND ROBIN
RENAE RENWICK,
                    Respondents.

SUPREME COURT
OF
NEVADA

(O) 1947A

19-02374

*ORDER DISMISSING APPEALS*

These appeals arise from cases consolidated in the district court. Docket No. 77464 is a pro se appeal from an order denying appellant's "Demand for an Order to Correct the Court Minutes," "Motion for An Order of Protection of the Protected Person," and "Motion for Fraud upon the Court for Lack of Subject Matter Jurisdiction." Docket No. 77465 is a pro se appeal from an order denying appellant's "Motion/Petition for Redress of Breach of Trust," "Motion for An Order of Protection of the Protected Person," and "Motion for Fraud upon the Court for Lack of Subject Matter Jurisdiction." Second Judicial District Court, Family Court Division, Washoe County; Frances Doherty, Judge.

Our review of the documents submitted to this court pursuant to NRAP 3(g) reveals jurisdictional defects. Specifically, the notices of appeal in both appeals appear to be untimely filed under NRAP 4(a) because it appears that they were filed after the timely filing of a tolling motion for reconsideration under NRAP 4(a)(4) and before the motion for reconsideration was formally resolved. The orders appealed from were entered September 28, 2018; appellant filed a timely motion for reconsideration. A timely tolling motion terminates the 30-day appeal period, and a notice of appeal is of no effect if it is filed after such a tolling motion is filed, and before the district court enters a written order finally resolving the motion. *See* NRAP 4(a)(4).

On November 15, 2018, the district court entered an order denying appellant's motion for reconsideration of an order entered September 7, 2018, deeming appellant a vexatious litigant, but reserved ruling on reconsideration of the September 28, 2018, order pending resolution of the pending appeals. Notwithstanding the pending appeal, the

SUPREME COURT
OF
NEVAOA

(O) 1947A

2

district court retains jurisdiction to reconsider the September 28, 2018, order and to enter an order denying the motion. *See Huneycutt v. Huneycutt*, 94 Nev. 79, 575 P.2d 585 (1978). If the district court is inclined to grant the motion, then it shall follow the procedures established in *Huneycutt* and *Foster v. Dingwall*, 126 Nev. 49, 228 P.3d 453 (2010).

In addition, however, it appears that at least portions of the orders designated in the notices of appeal are not substantively appealable. *See* NRAP 3A(b). This court has jurisdiction to consider an appeal only when the appeal is authorized by statute or court rule. *Taylor Constr. Co. v. Hilton Hotels*, 100 Nev. 207, 678 P.2d 1152 (1984). No statute or court rule provides for an appeal from an order denying a demand to correct court minutes, a motion for an order of protection of a protected person, or a motion or petition for redress of breach of trust. We conclude that we lack jurisdiction over these appeals, and we

ORDER these appeals DISMISSED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:  Hon. Frances Doherty, District Judge, Family Court Division
     Roger Hillygus
     Todd L. Torvinen
     Washoe District Court Clerk